UNITED STATES EQUAL EMPLOY-
MENT OPPORTUNITY COM-
MISSION, Plaintiff,

and

Peggy Evans, Intervenor,

v.

TAYLOR ELECTRIC COMPANY,
Defendant.

No. 94 C 129.

United States District Court,
N.D. Illinois,
Eastern Division.

April 22, 1994.

Sharon Ann Seeley, John C. Hendrickson, Laura Todd Johnson, U.S. Equal Employment Opportunity Com'n, Chicago, IL, for plaintiff.

Bridget Arimond, Legal Assistance Foundation of Chicago, Chicago, IL, for intervenor.

Richard Burk Lapp, O. Michael Osanloo, Sari M. Alamuddin, Seyfarth, Shaw Fairweather & Geraldson, Chicago, IL, for defendant.

### OPINION AND ORDER

NORGLE, District Judge:

Before the court is the motion of intervenor Peggy Evans ("Evans") to intervene as of right under Fed.R.Civ.P. 24(a)(1). For the following reasons, the motion is granted.

1. The complaint alleges that the action is filed more than 30 days after Evans filed her discrimination charge with the EEOC. The EEOC, however, does not specify the date of Evans' charge

### BACKGROUND

On January 7, 1994, plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed a civil action against defendant Taylor Electric Company ("Taylor").[1] The complaint alleges that Taylor has engaged in unlawful employment practice in violation of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* since 1990 by failing to provide Evans and other female employees with adequate sanitary toilet facilities at Taylor's construction work sites in Chicago, Illinois.

The first status hearing in the cause was held on April 6, 1994. At the status hearing the parties briefed the court on the nature of the case and the general complaint of the EEOC. The center of this litigation involves certain portable toilets that are installed at Taylor's work site. The parties have been engaged in informal discussions, but no formal discovery has taken place since the filing of the lawsuit. Moreover, the court stayed formal discovery in this matter pending the court's determination as to whether early resolution of the case is possible between the parties.

In the instant motion, Evans seeks to intervene in the cause as a matter of right pursuant to Fed.R.Civ.P. 24(a)(1) in order to assert claims similar to the claims made by the EEOC. Generally, Evans claims that Taylor violated Title VII by failing to provide her with a sanitary toilet facility at one of Taylor's work sites in 1990. As a result, Evans requests, *inter alia,* compensatory damages and punitive damages as well as a trial by jury.

### DISCUSSION

■ The motion to intervene is timely and properly brought to the court. Evans has an absolute right to intervene in this cause of action initiated by the EEOC. *EEOC v. Harris Chernin, Inc.,* 10 F.3d 1286, 1292 (7th Cir.1993); *Nevilles v. EEOC,* 511 F.2d 303, 305 (8th Cir.1975); *see also* 42 U.S.C.

to the EEOC or represent that the lawsuit is filed within 180 days from the filing of Evans' charge. *See EEOC v. Harris Chernin, Inc.,* 10 F.3d 1286, 1292 (7th Cir.1993).

§ 2000e–5(f)(1). Under Fed.R.Civ.P. 24(a)(1), "[u]pon timely application anyone shall be permitted to intervene in an action ... when a statute of the United States confers an unconditional right to intervene...." Accordingly, there are two requirements to satisfy in order to intervene as a matter of right. First, the motion to intervene must be timely. Second, a federal statute must confer an unconditional right to intervene.

◼ In determining whether a motion to intervene is timely filed, the court must consider the age of the lawsuit and the potential delay and prejudicial effect intervention may cause to the "adjudication of the rights of the original parties." *United States v. Mid–State Disposal, Inc.,* 131 F.R.D. 573, 576 (W.D.Wis.1990). In the case *sub judice,* Evans filed the motion on April 20, 1994, approximately four months after the EEOC commenced the action. The original parties have not filed any motions or conducted discovery in the case, and the court has held only one status hearing. Under these circumstances, the court finds that no delay or prejudice will result from Evans' participation. Thus, the court concludes that the motion to intervene is timely filed.

Additionally, § 2000e–5(f)(1) of Title VII confers upon Evans the unconditional right to intervene in a civil action commenced by the EEOC. The relevant provision provides that "[t]he person ... aggrieved shall have the right to intervene in a civil action brought by the [EEOC]...." 42 U.S.C. § 2000e–5(f)(1). The claims asserted by the EEOC identifies Evans as the aggrieved person. Thus, Evans has satisfied the required elements to intervene in this action pursuant to Fed.R.Civ.P. 24(a)(1).

◼ So far so good. The relief portion of Evans' proposed complaint, however, perturbs the court. Rule 11 of the Federal Rules of Civil Procedure prohibits litigants and their attorneys from deliberately ignoring or misstating case law that is unfavorable to their position. *Teamsters Local No. 579 v. B & M Transit, Inc.,* 882 F.2d 274, 280 (7th Cir.1989). Not only are deliberate acts of ignoring unfavorable case law prohibited, " 'ostrich-like tactic[s] of pretending that po-

tentially dispositive authority against [her] contention does not exist,' " are also sanctionable under Rule 11. *Borowski v. DePuy, Inc.,* 850 F.2d 297, 305 (7th Cir.1988) (quoting *Szabo Food Service v. Canteen Corp.,* 823 F.2d 1073, 1081 (7th Cir.1987)).

Evans demands a jury trial and compensatory and punitive damages as part of her Title VII relief. In a footnote, Evans states the following:

> [Evans'] right to a jury trial, and to the compensatory and punitive damages requested as part of the relief in this case, is dependent upon whether the 1991 Civil Rights Act is to be applied retroactively. This issue is currently pending before the United States Supreme Court in a pair of cases argued on October 13, 1993: *Landgraf v. USI Film Products,* 968 F.2d 427 (5th Cir.1992), *cert. granted in part,* [—— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649] (Feb. 2, 1993); *Harvis v. Roadway Express, Inc.,* 973 F.2d 490 (6th Cir.1992), *cert. granted sub nom Rivers v. Roadway Express, Inc.,* [—— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649] (Feb. 22, 1993).

(Evans Compl. at 1, n. 1.) The quoted paragraph demonstrates that counsel for Evans, an attorney with the Legal Assistance Foundation of Chicago, has closely followed the development of the 1991 Civil Rights Act and its application. Evans' attorney, however, blatantly ignores the prevailing and dispositive case law in the Seventh Circuit as to the retroactive application of the Civil Rights Act of 1991. The Seventh Circuit in *Mozee v. American Commercial Marine Serv. Co.,* 963 F.2d 929 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 207, 121 L.Ed.2d 148 (1992) and in *Luddington v. Indiana Bell Co.,* 966 F.2d 225 (7th Cir.1992), held that the Civil Rights Act of 1991 does not apply retroactively. The Seventh Circuit reaffirmed its position on the retroactivity issue in *Mojica v. Gannett,* 7 F.3d 552 (7th Cir.1993). This court has also held in *Johnson v. Indopco,* 834 F.Supp. 1039 (N.D.Ill.1993) and in other cases that the 1991 Act does not apply retroactively.

While it is true the disposition of *Landgraf* will ultimately control the issue of retroactivi-

ty in federal courts, Evans remains obligated under Fed.R.Civ.P. 11 to fully advise the court as to the prevailing law in the Seventh Circuit. The Rule 11 discussion of the court should serve as a warning to the litigants in this action so that the parties may avoid possible sanctions.

### CONCLUSION

For the foregoing reasons, the motion of Evans to intervene is granted. Evans' demand for jury trial and request for compensatory and punitive damages, however, must be stricken from the complaint prior to filing.

IT IS SO ORDERED.