**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**PACIFIC MARITIME ASSOCIATION, Marine Terminals Corp., and International Longshore Workers Union, Local 8, Defendants.**

**No. CIV. 99–536–FR.**

United States District Court,
D. Oregon.

Aug. 3, 1999.

A. Luis Lucero, Jr., Claire Cordon, Equal Employment Opportunity Commission, Seattle, WA, for Plaintiff.

Thane W. Tienson, Copeland, Landye, Bennett and Wolf, LLP, Portland, OR, Richard A. Kasson, Kasson & Paulson, Lake Oswego, OR, for Intervenor Teresa Jones.

Bradley F. Tellam, Robert Lane Carey, Barran Liebman LLP, Portland, OR, for Defendant Pacific Maritime Association.

Roxanne L. Farra, Stoll Stoll Berne Lokting & Shlachter P.C., Portland, OR, Christopher J. Martin, Susan B. Burr, Gibson, Dunn & Crutcher LLP, Palo Alto, CA, for Defendant Marine Terminals Corporation.

Harlan Bernstein, Jolles, Bernstein & Garone, P.C., Portland, OR, Robert Remar, Leonard, Carder, Nathan, Zuckerman, Ross, Chin & Remar, LLP, San Francisco, CA, for Defendant International Longshore Workers Union, Local 8.

## OPINION AND ORDER

FRYE, District Judge.

The matters before the court are 1) defendant Local 8's motion for a stay and order to conciliate (# 7); and 2) motion to intervene as party plaintiff filed by Teresa Jones (# 13).

## BACKGROUND

The plaintiff, the Equal Employment Opportunity Commission (the EEOC), filed this lawsuit on behalf of Teresa Jones, alleging that the defendants, Pacific Maritime Association, Marine Terminals Corp., and the International Longshore Workers Union, Local 8 (Local 8), subjected Jones to an ongoing pattern of sexual harassment and retaliation.

1. *Motion to Intervene as Party Plaintiff Filed by Teresa Jones*

Teresa Jones moves the court to allow her to intervene as a plaintiff as a matter of right pursuant to Fed.R.Civ.P. 24(a)(2) or for permissive intervention pursuant to Fed.R.Civ.P. 24(b).

Fed.R.Civ.P. 24(a)(1) provides that a person may intervene as of right "when a statute of the United States confers an unconditional right to intervene." 42 U.S.C. § 2000e–5(f)(1) provides, in part, that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission." The EEOC filed this lawsuit on behalf of Teresa Jones, whom it alleges was subjected to sexual harassment and retaliation. As an aggrieved person in this civil action, Jones has the right to intervene.

2. *Defendant Local 8's Motion for a Stay and Order to Conciliate*

Local 8 moves the court for an order staying this proceeding pending exhaustion of conciliation efforts on the grounds that the EEOC breached its mandatory duty to conciliate in good faith before filing this lawsuit. Local 8 relies upon the written exchange between counsel for the EEOC and counsel for Local 8 prior to the filing of this action by the EEOC. Local 8 contends that the EEOC rejected the repeated requests of Local 8 for a conciliation meeting; ignored the offer by Local 8 to accept virtually all of the equitable and injunctive remedies proposed in the settlement offered by the EEOC; frustrated meaningful discussions concerning its monetary demand by refusing to provide any explanation or accounting for the sum demanded; and unreasonably conditioned any meeting between the parties on Local 8's making a significant counteroffer as to monetary damages.

Defendant Pacific Maritime Association represents that it is committed to a conciliation process.

The EEOC opposes a stay pending conciliation but advises the court that it is ready and willing to engage in settlement discussions. The EEOC contends that it is not required to make its attorneys and supervisory staff available to defense counsel in order to establish that it is acting in good faith during conciliation efforts; that the EEOC was never at liberty to invite interested non-parties to join a global negotiation process; and that counsel for Local 8 was responsible for the failure of the conciliation process.

## APPLICABLE LAW

Section 706(b) of Title VII provides, in part, that "the Commission shall endeavor to eliminate any ... unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e–5(b). The EEOC is authorized to commence a civil action if the EEOC is "unable to secure from the respondent a conciliation agreement acceptable to the Commission." 42 U.S.C. § 2000e–5(f)(1). ·

The court must make an inquiry into whether "the EEOC had made satisfactory and good faith efforts in the conciliation process." *EEOC v. Zia Co.*, 582 F.2d 527, 533 (10th Cir.1978); *see also EEOC v. Radiator Specialty Co.*, 610 F.2d 178 (4th Cir.1979); and *EEOC v. Keco Indus.*, 748 F.2d 1097, 1102 (6th Cir.1984). The court should not "examine the details of the offers and counteroffers between the parties, nor impose its notions of what the agreement should provide." 582 F.2d at 533.

## RELEVANT FACTS

Correspondence between the EEOC investigator and counsel for Local 8 does not demonstrate a good faith effort on the part of the EEOC to engage in "informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e–5(b). Counsel for Local 8 reasonably requested that the EEOC investigator explain his calculation of the monetary settlement offered to Local 8 and to meet to discuss a settlement. Thereafter, the representative of the EEOC and counsel for Local 8 lost perspective; their professionalism suffered; and meaningful conciliation efforts were thwarted.

## CONCLUSION

Defendant Local 8's motion for a stay and order to conciliate (# 7) is GRANTED. This action is stayed for a period of 90 days from the date of this Opinion and Order. The motion to intervene as party plaintiff filed by Teresa Jones (# 13) is GRANTED. All parties shall act in good faith in setting a date for the conciliation meeting within this 90–day period. Counsel for the EEOC shall contact a magistrate judge of this court and request assistance in scheduling and participating in the conciliation conference. The parties shall submit a joint status report to this court on or before September 15, 1999.

IT IS SO ORDERED.