**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**REKREM, INC., d/b/a Whole Foods of Soho, Defendant.**

No. 00 Civ. 7239(CBM).

United States District Court, S.D. New York.

April 6, 2001.

Michael J. O'Brien, Equal Employment Opportunity Commission's New York District Office, for Plaintiff.

Preston A. Leschins, Anzalone & Leschins, for Plaintiffs–Intervenors Nipu Tazul, Sheik Ahmed, Amad Eldin Abdou, Mohammad Abu Sayed, Ali Dahhan, Rifat Sharmin, Malik Issaen, Shaokat Ahmed, Elora Rahman, Mohammad Ali, and Hoshneara Begum.

Michael B. Lumer, Kaiser Saurborn & Mair, P.C., New York City, for Plaintiff-Intervenor Saila Sultana.

Scott T. Baken, Michelle E. Phillips, Jackson Lewis Schnitzler & Krupman, New York City, for Defendant.

## MEMORANDUM OPINION AND ORDER

MOTLEY, Senior District Judge.

The EEOC filed this action on September 25, 2000 under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981 a against defendant Rekrem, Inc. d/b/a Whole Foods of Soho ("Whole Foods") to correct unlawful discrimination on the basis of retaliation and religion, and to make whole the following Muslim employees of defendant—Nipu Tazul, Sheik Ahmed, Amad Eldin Abdou, Mohammad Abu Sayed, Ali Dahhan, Rifat Sharmin, Malik Issaen, Shaokat Ahmed, Elora Rahman, Mohammad Ali, Hoshneara Begum, and Saila Sultana—and other similarly situated individuals affected by defendant's alleged discriminatory practices.

On November 7, 2000, Nipu Tazul, Sheik Ahmed, Amad Eldin Abdou, Mohammad Abu Sayed, Ali Dahhan, Rifat Sharmin, Malik Issaen, Shaokat Ahmed, Elora Rahman, Mohammad Ali, and Hoshneara Begum filed a motion to intervene as of right as plaintiffs in this action based upon Rule 24(a)(1) of the Federal Rules of Civil Procedure and 42 U.S.C. § 2000e–5(f)(1) ("the Tazul motion to intervene").

On January 8, 2001, Saila Sultana filed a motion to intervene as of right as a plaintiff in this action based upon Rule 24(a) of the Federal Rules of Civil Procedure and 42 U.S.C. § 2000e–5(f)(1) ("the Sultana motion to intervene"). Subsequently, by letter dated March 14, 2001, Sultana advised this court that she was withdrawing her motion to intervene and her proposed intervening complaint.

This court hereby DISMISSES the Sultana motion to intervene, as well as the proposed intervening complaint that was submitted herewith, in its entirety with prejudice. For the reasons discussed below, this court

GRANTS in part the Tazul motion to intervene.

## I. BACKGROUND

### A. EEOC's Complaint

In its complaint, the EEOC claims that defendant made it more difficult or impossible for Rifat Sharmin, Shaokat Ahmed, Elora Rahman, Hoshneara Begum, Amad Eldin Abdou, Mohammad Abu Sayed, Saila Sultana, and other similarly situated employees to practice the Muslim religion at work. The EEOC also claims that defendant subjected Rifat Sharmin, Shaokat Ahmed, Elora Rahman, Hoshneara Begum, Saila Sultana, and other similarly situated employees to different terms and conditions of employment because of their practice of the Muslim religion.

The EEOC also alleges that defendant retaliated against Nipu Tazul, Ali Dahhan, and Hoshneara Begum by filing a state lawsuit against them because they filed charges of discrimination with the EEOC. The EEOC also alleges that defendant retaliated against Rifat Sharmin, Malik Issaen, Shaokat Ahmed, Elora Rahman, Hoshneara Begum, Mohammad Ali, Saila Sultana, and other similarly situated employees by terminating them because they refused to sign false affidavits.

The EEOC alleges that the afore-named individuals all filed charges with the EEOC.

### B. The Tazul Motion to Intervene

On November 7, 2000, Nipu Tazul, Sheik Ahmed, Amad Eldin Abdou, Mohammad Abu Sayed, Ali Dahhan, Rifat Sharmin, Malik Issaen, Shaokat Ahmed, Elora Rahman, Mohammad Ali, and Hoshneara Begum ("the Tazul intervenors") filed a motion to intervene as plaintiffs as of statutory right pursuant to Federal Rule · of Civil Procedure 24(a)(1) and 42 U.S.C. § 2000e–5(f)(1). The proposed intervening complaint ("the Tazul complaint") alleges that defendant discriminated against the named individuals on the basis of their religion and retaliated against the named individuals in violation of Title VII of the Civil Rights Act of 1964. In addition, the Tazul complaint alleges that the actions of defendant, its owner Charles Rosenblum,

and its general manager Keri Manley, violated the New York Human Rights Law, N.Y. Exec. Law § 296 *et seq.* and the New York City Administrative Code, N.Y.C. Admin. Code § 8–107 *et seq.* The Tazul complaint also alleges negligent infliction of emotional distress, tortious interference of employment, prima facie tort, and violations of 42 U.S.C. § 1981.

## II. DISCUSSION

### A. Timeliness

 In considering a motion to intervene under Federal Rule of Civil Procedure 24, the court must first determine whether the application is timely. *See* FED. R. CIV. P. 24. "Although the point to which the suit has progressed is one factor in the determination of timeliness, it is not solely dispositive. Timeliness is to be determined from all the circumstances." *NAACP v. New York,* 413 U.S. 345, 365–66, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). The determination of timeliness is committed to the sound discretion of the trial court. *See NAACP,* 413 U.S. at 366, 93 S.Ct. 2591.

 A four-factor inquiry is used to guide the court's determination of an application's timeliness: "(1) the length of time the applicant knew or should have known of his interest before making the motion; (2) prejudice to existing parties resulting from the applicant's delay; (3) prejudice to the applicant if the motion is denied; and (4) the presence of unusual circumstances militating for or against a finding of timeliness." *Farmland Dairies v. Commissioner of N.Y. Dept. of Agriculture & Markets,* 847 F.2d 1038, 1044 (2d Cir.1988).

 The Tazul motion was submitted less than two months after the filing of the EEOC's complaint. The Tazul motion was filed before the defendant filed its answer and before the initiation of any discovery. This court finds that given the promptness of the application to intervene and the fact that this lawsuit is still in its nascent phase, the original parties will not be prejudiced by the intervention of the Tazul intervenors.

## B. Title VII Claims

 The Tazul intervenors have a statutory right to intervene as plaintiffs as to their proposed Title VII claims. Rule 24(a)(1) provides that "[u]pon timely application anyone shall be permitted to intervene in an action ... when a statute of the United States confers an unconditional right to intervene." FED. R. CIV. P. 24(a)(1). Title VII of the Civil Rights Act of 1964 provides such an unconditional right: "the person or persons aggrieved shall have the right to intervene in a civil action by the [EEOC]." 42 U.S.C. § 2000e–5(f)(1). *See also Spirt v. Teachers Insurance and Annuity Association*, 93 F.R.D. 627, 640 (S.D.N.Y.1982) ("Title VII does confer upon certain persons an unconditional right to intervene in an enforcement action brought by the EEOC"), *rev'd in part on other grounds*, 691 F.2d 1054 (2d Cir. 1982); *EEOC v. Die Fliedermaus, LLC*, 77 F.Supp.2d 460, 469 (S.D.N.Y.1999) ("Title VII does not foreclose an individual claim simply because the action was instituted by the EEOC. Rather 'the EEOC's civil suit [is] intended to supplement, not replace, the private action.'" *(quoting General Tel. Co. v. EEOC*, 446 U.S. 318, 326, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980))). The term "person aggrieved" in 42 U.S.C. § 2000e–5(f)(1) includes those persons who filed a charge with the EEOC. *See Spirt*, 93 F.R.D. at 640–41.

Because the Tazul intervenors are clearly persons aggrieved under 42 U.S.C. § 2000e–5(f)(1), the court finds that these parties have an unconditional right to intervene in this action with regard to the Title VII claims contained in the proposed Tazul complaint.

## C. The Tazul Intervenors' Additional Claims

 In addition to their Title VII claims, the Tazul intervenors allege several other claims in their proposed complaint. These additional claims include violations of the New York Human Rights Law and New York City Administrative Code, violations of 42 U.S.C. § 1981, and state tort claims. This court finds that these additional claims would unduly complicate the proceedings and focus the trial away from the parties' Title VII claims. *See EEOC v. National Cleaning Contractors, Inc.*, 1991 WL 161364, at *2, 1991 U.S. Dist. LEXIS 11383, at *7 (S.D.N.Y.1991). Therefore, this court orders that the additional claims alleged in the proposed Tazul complaint be severed from the Title VII claims in this action. *See* FED. R. CIV. P. 42(b).

## III. CONCLUSION

Because the Tazul motion to intervene is timely and because Title VII affords these movants an unconditional right to intervene, this court GRANTS the Tazul motion to intervene in part. The Tazul intervenors may intervene in this action as to their Title VII claims against defendant. This court orders that the additional claims alleged in the proposed Tazul complaint be severed from the claims based upon Title VII. In addition, this court DISMISSES with prejudice the Sultana motion to intervene and the Sultana proposed intervening complaint.

SO ORDERED.