## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

## RAPPAPORT, HERTZ, CHERSON & ROSENTHAL, P.C., Defendant.

**Rabbia Ashraf, Plaintiff–Intervenor,**

v.

**Rappaport, Hertz, Cherson & Rosenthal, P.C., Defendant.**

No. CV 02–5299(ADS)(ARL).

United States District Court, E.D. New York.

July 29, 2003.

Equal Employment Opportunity Commission, Washington D.C., by Gwendolyn Reams, Katherine Bissell, Elizabeth Grossman, Of Counsel, New York City, by Michelle J. Le Moal–Gray, Of Counsel, for Plaintiff.

Berke–Weiss & Pechman, LLP, New York City, by Louis Pechman, Of Counsel, for the Plaintiff–Intervenor.

Kaufman, Borgeest & Ryan, New York City, by Joan Gilbride, Of Counsel, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case involves allegations by the Equal Employment Opportunity Commission ("EEOC" or the "plaintiff") of sex discrimination, retaliation, and constructive discharge against Rappaport, Hertz, Cherson & Rosenthal, P.C. ("RHCR" or the "defendant") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Presently before the Court are the following motions: (1) a motion by Rabbia Ashraf ("Ashraf") to intervene in this case pursuant to Rule 24(a)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."); and (2) a cross-motion by the defendant to compel Ashraf to arbitrate her state and local claims pursuant to the Federal Arbitration Act, 9 U.S.C. § 4.

## I. BACKGROUND

On October 10, 2000, Ashraf filed a charge of discrimination with the EEOC against the law firm RHCR, where she worked as an associate attorney. In the charge, Ashraf claimed that since November 1998, the law firm had subjected female employees to a pattern of sexual harassment which involved sexually offensive conduct, comments, epithets, and sexual propositions. Shortly thereafter, RHCR received notice of the complaint from the EEOC, but Ashraf claims that the defendant made no attempt to stop the harassment. Instead, the defendant retaliated against the female employees by making threats and increasing the harassment. As a result, Ashraf claims that some female employees resigned.

On July 19, 2002, the EEOC issued a determination that there was "reasonable cause" to believe that RHCR had subjected female employees, including Ashraf, to sexual harassment, a hostile work environment, retaliation, and constructive discharge, in violation of Title VII. On September 30, 2002, the EEOC commenced this action against RHCR in its own name, both in the public interest and on behalf of Ashraf, Venturina Giampietro, and Myra Corchado. On November 18, 2002, Ashraf filed a motion to intervene in this action and annexed a complaint against RHCR. Ashraf's complaint contains Title VII claims of sex discrimination and retaliation against RHCR, in addition to claims of discrimination pursuant to the New York Executive Law and the New York City Human Rights Law. Her complaint also states a claim against the defendant to remedy its failure to pay Ashraf equal pay under New York State Labor Law. Ashraf requests that the Court exercise supplement jurisdiction over her state and local claims.

Subsequently, the defendant filed its opposition to Ashraf's motion to intervene, as well as a cross-motion to compel Ashraf to arbitrate her local and state claims pursu-

ant to the Federal Arbitration Act, 9 U.S.C. § 4, on the ground that Ashraf signed a "Compulsory Arbitration Agreement" as a condition of her employment with the defendant to resolve all employment disputes in arbitration. The EEOC filed papers in support of Ashraf's motion to intervene and opposes the defendant's cross-motion to compel Ashraf to arbitrate her claims.

## II. DISCUSSION

### A. Motion to Intervene

Ashraf moves to intervene in this civil action pursuant to Fed.R.Civ.P. 24(a)(1). The defendant argues that because Ashraf signed a "Compulsory Arbitration Agreement" as a condition of her employment with RHCR, she does not have an unconditional right to intervene in this action. The Court disagrees.

■ Rule 24 provides, in part, that "[u]pon timely application anyone shall be permitted to intervene in an action ... when a statute of the United States confers an unconditional right to intervene." Fed.R.Civ.P. 24(a)(1). Title VII provides that "the person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC] ...." 42 U.S.C. § 2000e–5(f)(1); *EEOC v. Die Fliedermaus, L.L.C.,* 77 F.Supp.2d 460, 469 (S.D.N.Y.1999) ("where the EEOC has elected to bring suit, [the aggrieved person has] the statutory right to intervene."). Under the provisions of 42 U.S.C. § 2000e–5(f)(1), an aggrieved person is defined as a person who has filed a charge with the EEOC. *See Spirt v. Teachers Insurance and Annuity Assoc.,* 93 F.R.D. 627, 640–41 (S.D.N.Y.1982), *rev'd in part on other grounds,* 691 F.2d 1054 (2d Cir. 1982) ("The Court's view that the statutory language strongly indicates that Congress, in drafting the intervention provision contained in 24 U.S.C. §§ 2000e–5(f)(1), must have used the term 'person aggrieved' to refer to a person who filed a charge with the EEOC is fully supported by the legislative history of that section.").

■ It is undisputed that Ashraf filed a charge with the EECO and that she is a person aggrieved under 42 U.S.C. § 2000e–5(f)(1). Accordingly, Ashraf has an unconditional right to intervene in this action with regard to her Title VII claims and her motion to intervene in this action is therefore granted. In addition, because it is further undisputed that Ashraf's state and local claims derive from the same operative facts that form the basis of this action, the Court grants Ashraf's request to exercise supplemental jurisdiction over her state and local claims.

### B. Motion to Compel Arbitration

■ The defendant moves to compel Ashraf to arbitrate her state and local claims on the ground that Ashraf signed a "Compulsory Arbitration Agreement" as a condition of her employment to resolve all employment related disputes in arbitration. Ashraf argues that compelling arbitration would waste resources and create a result inconsistent with the policies of the Federal Arbitration Act. In support of Ashraf's opposition to the defendant's motion to compel, the EEOC argues that requiring Ashraf to arbitrate her claims interferes with the EEOC's right to enforce the law.

■ The Federal Arbitration Act (the "Act") creates a strong federal policy favoring arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 25, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991); *Opals on Ice Lingerie v. Body Lines, Inc.,* 320 F.3d 362, 369 (2d Cir.2003). The Act provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such

grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Indeed, the Act " 'leaves no place for the exercise of discretion by the district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.' " *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, (2d Cir.1997) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985)).

■ In determining whether to compel arbitration, a court must decide: (1) whether the parties agreed to arbitrate; (2) the scope of the agreement; and (3) whether Congress intended the plaintiff's claims to be nonarbitrable. *See Bird v. Shearson Lehman/American Express, Inc.*, 926 F.2d 116, 118 (2d Cir.1991). Here, Ashraf does not dispute that these three factors have been satisfied. Neither she nor the EEOC contests that Ashraf signed a "Compulsory Arbitration Agreement" and that her claims are within the scope of the agreement. Furthermore, Ashraf does not challenge the validity of the agreement, which states:

> in the event of a dispute regarding the Employee's [as defined by the agreement] employment at the Firm; and/or the Employee's separation from employment with the Firm, any dispute(s), claim(s), allegation(s), etc. thereto shall be resolved by compulsory arbitration. . . .

In the Court's view, the language of the agreement clearly subjects Ashraf to arbitration.

■ In addition, the Court is mindful that "[the] strong presumption of arbitrability applies with even greater force when the arbitration provision is a broad one," *Rajjak v. McFrank and Williams*, No. 01 Civ. 0493, 2001 WL 799766, at *2, 2001 U.S. Dist. LEXIS 9764, at *3 (S.D.N.Y. 2001), like the agreement here which covers "any dispute(s), claim(s), allegation(s)." Although RHCR does not specifically move to compel Ashraf to arbitrate her Title VII claims, because the defendant argues that Ashraf has no unconditional right to intervene with regard to her Title VII claims because of the arbitration agreement, the Court construes the defendant's motion as being a motion to compel arbitration of all of Ashraf's claims, including her Title VII claims. It is well-established that Title VII claims are arbitrable, *Desiderio v. NASD*, 191 F.3d 198, 206 (2d Cir.1999), and that "the provisions of the [Act] are controlling even though the dispute itself may arise under state law," *Fletcher v. Kidder Peabody & Co.*, 81 N.Y.2d 623, 630–31, 619 N.E.2d 998, 601 N.Y.S.2d 686 (1993), or local law, *Rice v. Brown Bros. Harriman & Co.*, No. 96 Civ. 6326, 1997 WL 129396, at *1, 1997 U.S. Dist. LEXIS 3628, at *3 (S.D.N.Y. Mar. 21, 1997).

Here, because the language under the Compulsory Arbitration Agreement makes clear that all of Ashraf's claims fall within the scope of the agreement, Ashraf must arbitrate her Title VII, state, and local claims. Accordingly, the defendant's motion to compel Ashraf to arbitrate her claims is granted. In addition, the action by Ashraf against the defendant is stayed pending the resolution of arbitration proceeding. *See In re Currency Conversion Fee Antitrust Litig.*, 265 F.Supp.2d 385, 400 (S.D.N.Y.2003) ("Section 3 of the FAA provides that the court must stay any suit or proceeding until arbitration has been completed if the action concerns any issue referable to arbitration under a written agreement for such arbitration.").

■ The Court notes that because the EEOC is not a party to the arbitration agreement between Ashraf and RHCR, the plaintiff is not compelled to arbitrate its case against RHCR. *EEOC v. Waffle*

*House, Inc.,* 534 U.S. 279, 294, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002) ("No one asserts that the EEOC is a party to the contract, or that it agreed to arbitrate its claims ... Accordingly, the proarbitration policy goals of the FAA do not require the agency to relinquish its statutory authority if it has not agreed to do so."). An arbitration agreement between an employer and its employee does not prevent the EEOC from vindicating the public interest. *Id.* at 296, 122 S.Ct. 754. Therefore, the Court will not stay the EEOC's action against the defendant, but will stay Ashraf's proceedings against the defendant pending the conclusion of the arbitration proceeding.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that Ashraf's motion to intervene in this action is **GRANTED;** and it is further

**ORDERED,** that Ashraf's request that the Court exercise supplemental jurisdiction over her state and local claims is **GRANTED;** and it is further

**ORDERED,** that the defendant's motion to compel arbitration of Ashraf's Title VII, state, and local claims is **GRANTED;** and it is further

**ORDERED,** that Ashraf's proceedings against the defendant is stayed pending the conclusion of the arbitration proceeding.

**SO ORDERED.**