**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**GMRI, INC., d/b/a/ Red Lobster, Defendant.**

**No. CIV.A.03–2489–KHV–DJW.**

United States District Court, D. Kansas.

April 9, 2004.

Jan Shelly, St. Louis, MO, Andrea L. Taylor, Kansas City, KS, for plaintiff.

Joseph K. Eischens, Thornberry & Eischens, LLC, Michael S. Ketchmark, Davis, Ketchmark, Eischens & McCreight, P.C., Kansas City, MO, for defendant.

### MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

Pending before the Court is Holly Dawson's Motion for Leave to Intervene (doc. 10). For the reasons set forth below, the Court will grant the motion.

### I. Nature of the Matter Before the Court

This is an employment discrimination action brought under Title VII of the Civil Rights Act of 1964. The lawsuit was filed by the Equal Employment Opportunity Commission ("EEOC") based on a charge of sex discrimination filed by Holly Dawson. Ms. Dawson charged that she was subjected to sexual harassment while working for a Red Lobster Restaurant.

Holly Dawson has filed the instant motion to intervene pursuant to Federal Rule of Civil Procedure 24(a) and 42 U.S.C. § 2000e–5(f)(1). Defendant opposes the motion, arguing that the claims Ms. Dawson asserts in her proposed Complaint in Intervention must be resolved exclusively through Red Lobster's Dispute Resolution Procedure. That procedure provides a multi-step process for resolving employment disputes, the final step of which is binding arbitration. Plaintiff counters that her right to intervene is unconditional and that the Court must allow her to intervene.

### II. Analysis

Federal Rule of Civil Procedure 24 governs motions to intervene. Subsection (a) of the Rule provides that "[u]pon timely application anyone shall be permitted to intervene in an action ... when a statute of the United States confers an unconditional right to intervene." [1] The Court is required to permit intervention if two elements are met: (1) the application is timely; and (2) a federal statute confers an unconditional right to intervene. [2]

Defendant does not dispute the timeliness of Ms. Dawson's motion, and the Court finds that it is timely. Having determined that this first requirement has been met, the Court must next decide whether the second element has been met, i.e., that Ms. Dawson has an unconditional right to intervene under section 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1).

Section 706(f)(1) provides that "[t]he person or persons aggrieved *shall have the right to intervene* in a civil action brought by the Commission...." [3] The Court construes this statutory language to confer on the party who filed the EEOC charge upon which the EEOC's action is based [4] an unconditional and absolute right to intervene in the action. The Court's interpretation is consistent with other cases discussing intervention by a charging party in Title VII suits filed by the EEOC. [5]

Here, it is undisputed that Ms. Dawson is the aggrieved person, as she is the person who filed the charge upon which the EEOC's lawsuit is based. She therefore has the un-

1. Fed.R.Civ.P. 24(a).

2. *EEOC v. Taylor Elec. Co.*, 155 F.R.D. 180, 181 (N.D.Ill.1994).

3. 42 U.S.C. § 2000e–5(f)(1) (emphasis added).

4. Under the provisions of 42 U.S.C. § 2000e–5(f)(1), "an aggrieved person is defined as a person who has filed a charge with the EEOC." *EEOC v. Rappaport, Hertz, Cherson & Rosenthal, P.C.*, 273 F.Supp.2d 260, 263 (E.D.N.Y.2003).

5. *See, e.g., EEOC v. Mo. Pac. R.R. Co.*, 493 F.2d 71, 74 (8th Cir.1974) (charging party has "absolute right" to intervene in EEOC suit); *Rappa-*

*port*, 273 F.Supp.2d at 263 (charging party has "unconditional right to intervene" in EEOC action based upon her charge); *EEOC v. Rekrem, Inc.*, 199 F.R.D. 526, 529 (S.D.N.Y.2001) (charging parties have "unconditional right to intervene ... with regard to the Title VII claims"); *EEOC v. Pac. Maritime Ass'n*, 188 F.R.D. 379, 380 (D.Or.1999) (charging party has statutory right to intervene in EEOC Title VII action); *EEOC v. Domino's Pizza, Inc.*, 870 F.Supp. 655, 656 n. 1 (D.Md.1994) (section 706(f) confers unconditional right to intervene on charging party).

conditional right to intervene in this case. As she has met the requirements for intervention under Title VII, the mandatory language of Section 706(f)(1) and Federal Rule of Civil Procedure 24(a) dictates that the Court grant Ms. Dawson leave to intervene.

Ms. Dawson is directed to electronically file and serve her Complaint in Intervention within *ten (10) days* of the date of filing of this Order. Following that, if a motion is filed relating to whether Ms. Dawson's claims are subject to arbitration, the Court will be in a position to decide that issue.

IT IS THEREFORE ORDERED that Holly Dawson's Motion for Leave to Intervene (doc. 10) is granted.

IT IS FURTHER ORDERED that Holly Dawson shall file and serve her Complaint in Intervention within *five (5) days* of the date of filing of this Order, and Defendant shall file and serve its answer within *ten (10) days* thereafter.

IT IS SO ORDERED.