**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

**Sretta Reese, Bonnie Centers, Fran Howard, & Melinda Cochran Intervening Plaintiffs,**

v.

**PHYSICIAN SERVICES, P.S.C., Defendant.**

No. CIV.A. 5:05–393–JMH.

United States District Court, E.D. Kentucky, At Lexington.

April 6, 2006.

Gwendolyn Young Reams, Equal Employment Opportunity Commission—Washington, James L. Lee, Equal Employment Opportunity Commission—Washington, Washington, DC, Jo Ann Farnsworth, Equal Employment Opportunity Commission—Indianapolis, Indianapolis, IN, Kenneth W. Brown, EEOC—Louisville Area Office, Louisville, KY, Laurie A. Young, Equal Employment Opportunity Commission, Michelle Eisele, Equal Employment Opportunity Commission, Kenneth L. Bird, Equal Employment Opportunity Commission—Indianapolis, Indianapolis, IN, for Equal Employment Opportunity Commission, Plaintiff.

Andrew J. Ruzicho, Elizabeth Snow Hughes, Gess, Mattingly & Atchison, P.S.C., Joseph H. Miller, Gess, Mattingly & Atchison, P.S.C., Lexington, KY, for Bonnie Centers, Sretta Clark, Fran Howard, Melinda Cochran, Intervenor Plaintiffs.

R. Gary Winters, McCaslin, Imbus & McCaslin, Cincinnati, OH, Richard A. Getty, The Getty Law Group, PLLC, Lexington, KY, for Physicians Services, P.S.C., Defendants.

## ORDER

HOOD, District Judge.

Before the Court is Defendant's motion to compel arbitration and stay the proceedings [Record No. 14]. The Equal Employment Opportunity Commission ("EEOC") and all Intervening Plaintiffs responded to the motion [Record Nos. 15, 18, & 19]. After Defendant replied [Record Nos. 17 & 22], the Court held a hearing on the motion. Fully briefed, this matter is ripe for review.

In its complaint, the EEOC alleges that Defendant subjected one of its former employees, Melinda Cochran, to retaliation, constructive discharge, and harassment based on her sex and disability and subjected three other former employees, Bonnie Centers, Fran Howard, and Sretta Reese to retaliatory constructive discharge for complaining about Defendant's unlawful conduct.

The issue presented by Defendant's motion is whether the Court must compel the intervening plaintiffs to arbitrate their claims against Defendant pursuant to an arbitration agreement while the EEOC pursues its claims against Defendant in this Court.[1] Defendant argues that the holding in *EEOC v. Rappaport, Hertz, Cherson & Rosenthal*, 273 F.Supp.2d 260 (E.D.N.Y.2003) supports its motion to compel arbitration. The intervening plaintiff in *Rappaport*, Rabbia Ashraf, intervened in a lawsuit brought by the EEOC "in its own name, both in the public interest and on behalf of Ashraf" and two other employees against their employer. *Id.* at 262. In *Rappaport*, the court held that "because the language under the Compulsory Arbitration Agreement makes clear that all of Ashraf's claims fall within the scope of the agreement, Ashraf must arbitrate her Title

---

1. Defendant does not dispute that the EEOC is not a party to the arbitration agreement and therefore cannot be compelled to arbitrate its claims against Defendant.

VII, state, and local claims." *Id.* at 264. The court stayed her claims against her former employer pending the conclusion of the arbitration proceedings, but refused to stay the EEOC's action against the employer. *Id.* at 265.

■ Although the *Rappaport* court relied upon *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002) for the proposition that the EEOC cannot be compelled to arbitrate its claims against the employer, the court never addressed an aspect of the *Waffle House* opinion that the intervening plaintiffs in the case *sub judice* contend is key to their argument: "[Once] the EEOC files suit on its own, the employee has no independent cause of action, although the employee may intervene in the EEOC's suit." *Id.* at 291, 122 S.Ct. 754 (citing 42 U.S.C. § 2000e–5(f)(1) (1994 ed.)). The United States District Court for the District of Colorado, in a very recent case, *EEOC v. Joslin Dry Goods Co.*, No. 1:05–cv–177–WDM, slip op. at 1 (D.Colo. Mar. 29, 2006), also noted that the *Rappaport* court "does not appear to have addressed the circumstance that the claims in an enforcement action belong to the EEOC and not to the intervening employee." *Id.* at 4. In *EEOC v. Woodmen of the World Life Insurance Society*, No. 8:03–cv–165, 2005 WL 2180071, at *1 (D.Neb. Aug. 25, 2005), the court retreated, for several reasons,[2] from an earlier ruling compelling arbitration for an intervening plaintiff and agreed with the EEOC's argument that the court should not compel arbitration because the intervenor has no right to independently litigate her own claims. *Id.* at *2 (citing *Waffle House*, 534 U.S. at 291, 122 S.Ct. 754). Intervening Plaintiffs in this case

present the same argument: Due to the EEOC's filing suit against their employer, they have no independent causes of action against their employer; therefore, they should not be compelled to arbitrate their claims.

■ The *Waffle House* Court did not address this specific question of whether an intervening plaintiff must arbitrate his or her claims pursuant to an arbitration agreement because the aggrieved party in *Waffle House* never intervened in the EEOC's action. Nonetheless, the opinion supports the intervening plaintiffs' argument that an employee has no independent cause of action once the EEOC files suit on his or her behalf. In *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448 (6th Cir.1999), the court explained the effect on an employee's rights when he or she receives a "right to sue" letter from the EEOC compared with when the EEOC pursues claims on his or her behalf:

> [I]f an individual subject to an arbitration agreement filed a charge with the EEOC and ultimately received a "right to sue" letter, that individual would have a private cause of action that she waived by her prospective agreement to arbitrate. However, if an individual subject to an arbitration agreement filed a charge with the EEOC and put the EEOC on notice of employment practices violative of Title VII, and the EEOC in turn exercised its right to sue, that individual would no longer possess a private cause of action subject to her prior agreement to arbitrate. Rather, the EEOC would have a cause of action on behalf of that individual and the pub-

---

**2.** The court based its decision on three grounds: (1) the intervening plaintiff would not be able to sustain the costs of the arbitration, (2) the EEOC's argument that the "structure that allows it to pursue its interests will be harmed if the intervenors are required to arbitrate their claims" was credible and persuasive, and (3) the intervening plaintiff had filed for bankruptcy. *Id.* at *2.

lic interest that would fall outside the arbitration agreement.

*Id.* at 462. In this case, because the EEOC filed a cause of action against Defendant on behalf of Defendant's four former employees, those four individuals "no longer possess a private cause of action subject to [their] prior agreement to arbitrate." *Id.* The Court acknowledges that based on its holding, if the EEOC brings claims against an employer on behalf of an employee who is arguably bound by an arbitration agreement with her employer, neither the EEOC, per *Waffle House,* nor the intervening employee can be compelled to arbitrate the claims.[3] Furthermore, the Court agrees with the conclusion reached by the court in *Joslin Dry Goods* in which it recognized that the majority in *Waffle House* was aware of the dissent's objection to the EEOC doing " 'on behalf of an employee that which an employee has agreed not to do for himself,' " and noted that the *Waffle House* Court "accepted that consequence of its ruling." *Joslin Dry Goods,* slip op. at 3 (citing *Waffle House,* 534 U.S. at 296, 122 S.Ct. 754). Each of the intervening plaintiffs lacks the right to bring an independent cause of action that would be subject to the arbitration agreement; therefore, the Court finds that they should not be compelled to arbitrate their claims.[4]

Accordingly, and for the foregoing reasons, **IT IS ORDERED,** that Defendant's motion to compel arbitration and stay the

---

**3.** As a practical matter, however, and as the *Waffle House* Court observed, denying employers the ability to compel their employees to arbitrate disputes once the EEOC filed suit would have a negligible effect on employment litigation. In 2005, the EEOC brought 383 suits, just over two percent of all antidiscrimination cases filed in federal court. Equal Employment Opportunity Commission, Enforcement Statistics and Litigation, http://www.eeoc. gov/stats/litigation.html (last visited Apr. 5, 2006); Administrative Office, Judicial Business of the United States Courts 2005, Table C–2A, http://www.uscourts. gov/judicial factsfigures/ contents.html (last visited Apr. 5, 2006).

**4.** Assuming that the decision in *Rappaport* is correct, though the Court does not agree that it is, Defendant has nonetheless waived its right to arbitrate the claims brought by Intervening Plaintiffs Cochran, Centers, Howard, and Reese. "An agreement to arbitrat[e] may be 'waived by the actions of a party which are completely inconsistent with any reliance thereon.' " *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.,* 350 F.3d 568, 573 (6th Cir.2003) (quoting *Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat,* 289 F.3d 434, 438 (6th Cir.2002)). The letters sent by Defendant's counsel in response to Ms. Reese's requests for arbitration reveal that Defendant misunderstood the difference between a request for arbitration and an attempt to "stare down" an opponent. Defendant's reliance on *Highlands* to justify its refusal to arbitrate is not persuasive. The parties in *Highlands,* two businesses engaged in a dispute over underpayments and overpayments for rehabilitation services, were "in a discussion stage about their respective claims," a situation distinct from that of an employee asking her employer to arbitrate her employment dispute pursuant to the employer's own dispute resolution program. *Highlands,* 350 F.3d at 574. Defendant's counsel's letters unequivocally state that Defendant was not interested in mediating or arbitrating the claims, apparently under the guise that the EEOC's decision on Ms. Reese's charge was a condition precedent to arbitration. Similarly, Defendant's counsel's actions in discussing Ms. Cochran's claims during their April 14, 2004 meeting—in which he suggested that she retain new attorneys and warned her that she may be subject to a suit by her alleged harasser if she continued with her claims—evidence a disregard for the arbitration agreement. Although three of the intervening plaintiffs did not formally request arbitration, the Court agrees that after viewing the letters received in response to Ms. Reese's numerous requests, their written demands for arbitration would have been futile. This Court will not grant Defendant's request to compel arbitration pursuant to an agreement that Defendant has repeatedly refused to follow.

proceedings [Record No. 14] be, and the same hereby is, **DENIED**.