EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,

v.

VON MAUR, INC., Defendant.

Walkesheia Ward, Darlena McBride, Tanya Gardner, Robert Donelson, Raquel Maiden, Charles Smith, Laronica Williams, Latoya Young, Machelle Guy, Roscoe Haymon, Robert Williams, Damenica Johnson and James Thomas, Plaintiff–Intervenors,

v.

Von Maur, Inc., Defendant.

No. 4:06–cv–00182–RP–RAW.

United States District Court,
S.D. Iowa,
Central Division.

July 10, 2006.

Dennis R. McBride, Jean Kamp, John Hendrickson, EEOC, Milwaukee, WI, Gwendolyn Young Reams, James Lee, EEOC, Washington, DC, for Plaintiff.

Jill Weinstein, Pedersen & Weinstein LLP, Chicago, IL, for Plaintiff–Intervenors.

Matthew P. Pappas, Pappas & Schnell PC, Rock Island, IL, for Defendant.

## RULING ON EEOC'S MOTION TO CONSOLIDATE AND PROPOSED PLAINTIFF–INTERVENORS' (PPIs') MOTION TO INTERVENE

WALTERS, United States Magistrate Judge.

The above motions [3, 4] are before the Court. Von Maur resists the motion to consolidate, and resists the motion to intervene in part. The motions are decided on the motion papers. LR 7.1.c.

The PPIs have sued Von Maur in *Ward, et al. v. Von Maur, Inc.*, No. 3:04–cv–00159–RP–RAW ("the *Ward* case"). The Equal Employment Opportunity Commission (EEOC) moves to consolidate this case with the *Ward* case for pretrial purposes. The *Ward* case was originally filed on December 29, 2004. The current, Fourth Amended Complaint alleges each of the PPIs was denied employment in 2003 or 2004 on the basis of their African–American race as part of a pattern or practice of racial discrimination. The PPIs applied for employment at Von Maur locations in the Davenport area. The lead plaintiff, Ward, brings her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981 (devolved from the Civil Rights Act of 1866), and the Iowa Civil Rights Act, Iowa Code § 216.1, *et seq.* (ICRA). The other PPIs' race discrimination claims are based solely on section 1981.

PPIs Robert Williams, Robert Donelson, Roscoe Haymon and Raquel Maiden filed charges with the EEOC on the basis of which the EEOC brought this action on April 19, 2006. The EEOC alleges that "[s]ince at least 2001" Von Maur violated Title VII by failing to hire African–Americans in sales associate, warehouse and truck driving jobs at its Davenport facilities. The lawsuit seeks relief, including instatement, for Williams, Donelson, Haymon and Maiden, as well as injunctive relief for three classes of similarly-situated African–Americans who were not hired, one class for each of the jobs noted.

*Consolidation*

EEOC seeks consolidation of this case with the *Ward* case for all pretrial purposes because both cases share common issues of law and fact. Von Maur does not dispute that there are common issues of law and fact, but resists on the basis that consolidation would achieve no benefit, substantive law differences between the two actions would result in confusion and complexity, and consolidation would delay resolution of the *Ward* case to Von Maur's unfair prejudice.

Federal Rule of Civil Procedure 42(a) permits the consolidation of actions pending before a court which "involv[e] a common question of law or fact ...." Since there are undeniably common questions of law and fact between the two actions, the question is not whether the actions can be consolidated, but whether they should be. Consolidation has historically been "a matter of convenience and economy in administration," *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496, 53 S.Ct. 721, 77 L.Ed. 1331 (1933), and has as its purposes the avoidance of unnecessary cost or delay. *EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir.1998). Consolidation is inappropriate if it leads in the opposite direction, "to inefficiency, inconvenience or unfair prejudice to a party." *Id.* at 551. Whether to consolidate actions is vested in the court's discretion.

The two actions are fundamentally very similar, indeed in some respects identical. They involve allegations of race discrimination in Von Maur's hiring practices at its Davenport locations. As discussed below, most of the PPIs are entitled to intervene of right in this case which will have the practical effect of factually morphing much of the

*Ward* case into this one. *See infra* at 200–01. With arguably a couple of exceptions, the PPIs are members of one of the classes on whose behalf the EEOC has brought suit. Consequently, all, or nearly all, the discovery in the *Ward* case would be relevant to the claims or defenses in this case and vice versa. Pretrial consolidation has the potential to expedite pretrial preparation of this case while reducing the overall expense and inconvenience which would attend pursuing parallel causes of action. The degree of overlap in parties, claims, and factual basis supports the pretrial consolidation the EEOC requests. *See* 8 *Moore's Federal Practice* § 42.10[6][a][b] at 42–21, 22 (Matthew Bender 3d ed.).

In resistance Von Maur argues first that the cases are distinct because the *Ward* case involves hiring decisions that, for the most part, took place from mid–2003 to mid–2004 while the EEOC complaint alleges discrimination extending back to 2001 continuing to the present. The temporal period alleged in the EEOC's complaint includes the instances of race discrimination alleged in the *Ward* case. The four PPIs whose EEOC charges prompted this action applied for work in mid–2004. Moreover, evidence of racially discriminatory hiring practices from 2001 is relevant to the pattern and practice and systematic exclusion allegations in *Ward.* Clearly, the two actions overlap in this regard.

■ Von Maur notes that, except for Ward, the PPIs' allegations of race discrimination in that case are under section 1981 while the EEOC proceeds under Title VII. It argues there are significantly different standards for liability under the two statutes. As amended by the Civil Rights Act of 1991, Title VII liability turns upon proof that race was a "motivating factor" in an employment decision, 42 U.S.C. § 2000e–2(m), and the statutory "same decision" defense in 42 U.S.C. § 2000e–5(g)(2)(B) applies only to Title VII. These subtle differences affect primarily the jury instructions. To the extent relevant to consolidation, they have more to do with whether the cases should be consolidated for the purposes of trial. Von Maur's motivation and proffered reasons for the challenged hiring decisions are core factual issues common to both cases. Indeed, the United States Supreme Court has applied the analytical framework used in Title VII cases to cases under section 1981. *Olmstead v. L.C. ex rel Zimring,* 527 U.S. 581, 617 n. 1, 119 S.Ct. 2176, 144 L.Ed.2d 540 (1999); *see Maxfield v. Cintas Corp. No. 2,* 427 F.3d 544, 550 (8th Cir.2005).

Finally, Von Maur resists consolidation claiming it would cause prejudicial delay in resolving the *Ward* case. The *Ward* case has a head start on discovery. The EEOC's action is a class action. The EEOC has said it intends to identify additional class members as a part of its lawsuit. Von Maur fears the breadth of the EEOC's class allegations will swallow the *Ward* case and require substantial additional discovery and pretrial proceedings which would significantly delay *Ward.* The prospect of delay is a legitimate concern, but a close look leads the Court to conclude significant delay from pretrial consolidation is not probable.

■ Though the EEOC is seeking class-based relief, it is not required to seek class certification. *General Tel. Co. of the Northwest, Inc. v. EEOC,* 446 U.S. 318, 324, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). Consolidation does not risk delaying *Ward* for Fed. R.Civ.P. 23 proceedings. The EEOC says that "[b]arring the unforeseen," it will comply with the discovery deadlines currently set in *Ward.* Under the present deadlines, non-expert discovery is to conclude by September 15, 2006, plaintiffs' expert disclosures are due by October 30, 2006, defendants' by January 16, 2007, and rebuttal by February 15, 2007. The dispositive motion deadline is March 30, 2007. Trial has been set for October 15, 2007, more than fifteen months away. The Court agrees with Von Maur that the EEOC's willingness to comply with the non-expert discovery deadline now only about two months away seems overly ambitious. However, the October 15, 2007 trial date is far enough out to allow some flexibility in the deadlines without hazarding that date.

Discovery has been ongoing in the *Ward* case, but according to the PPIs is far from completion and recently stalled with the appearance of new counsel for Von Maur. Depositions of only three of the plaintiffs have

been taken. Those of the others have not been scheduled, Von Maur has not completed its document production, and apparently has told the PPIs it does not expect to do so until mid-July. When the discovery deadline was extended in February of this year, Von Maur noted plaintiffs had identified fifty-five persons with knowledge of facts pertaining to the claims and indicated it planned to take the depositions of a significant number of them. There is much discovery yet to be done in *Ward.*

Consolidation of these closely-related cases for pretrial purposes will serve the interests of efficiency and convenience advanced by Fed.R.Civ.P. 42(a). These benefits are not offset by the risk of significant delay in resolving the *Ward* case, the principal argument Von Maur has against consolidation. It follows unfair prejudice has not been shown. Accordingly, the motion to consolidate [3] is **granted** upon the terms set forth below.

*Intervention*

■ The PPIs move for leave to intervene as party-plaintiffs to assert individual Title VII claims[1] under the authority of Fed. R.Civ.P. 24(a)(1). That rule permits a person to intervene of right in an action "when a statute of the United States confers an unconditional right to intervene ...." The enforcement provisions of Title VII include a proviso that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC] ...." 42 U.S.C. § 2000e–5(f)(1).[2] This language confers an "absolute right" to intervene in favor of charging parties on whose charge(s) the EEOC's action is based. *EEOC v. Missouri Pacific Railway Co.,* 493 F.2d 71, 74 (8th Cir.1974); *EEOC v. GMRI, Inc.,* 221 F.R.D. 562, 563 (D.Kan.2004). "Person aggrieved" has been held to also include a person who has a "nearly identical" claim to a charging party even if the "nearly identical" claimant

has not previously filed a charge with the EEOC. *See EEOC v. Northwestern Human Services,* 2005 U.S. Dist. Lexis 23768, *7–8 (E.D.Pa.2005) (citing and quoting from *Spirt v. Teachers Ins. and Annuity Ass'n,* 93 F.R.D. 627, 640–41 (S.D.N.Y.), *aff'd in part and rev'd in part on other grds.,* 691 F.2d 1054 (2d Cir.1982)). The parties agree *Northwestern Human Services* and *Spirt* correctly state the law in this regard.

■ The rationale for extending the right to intervene to others with nearly identical claims to the charging parties is derived from what has been referred to in the case law as the "single-filing rule." *Calloway v. Partners Nat'l Health Plans,* 986 F.2d 446, 449–50 (11th Cir.1993). Under that rule a Title VII (or ADEA) plaintiff who has not filed an EEOC charge may join or "piggyback" as a party-plaintiff with another who has filed a charge so long as the EEOC charge was timely and not defective and the charging and non-charging plaintiffs were similarly situated and received the same alleged discriminatory treatment. *Id.* at 449; *Foster v. Gueory,* 655 F.2d 1319, 1322–23 (D.C.Cir. 1981); *Allen v. Amalgamated Transit Union Local 788,* 554 F.2d 876, 882–83 (8th Cir.), *cert. denied,* 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977); *see Anderson v. Unisys Corp.,* 47 F.3d 302, 305 n. 8 (8th Cir.); *cert. denied,* 516 U.S. 913, 116 S.Ct. 299, 133 L.Ed.2d 205 (1995); *Mustafa v. United Auto Group,* 2005 WL 1923107, *3 (E.D.Ark.2005); *Koren v. SUPERVALU, Inc.,* 2003 WL 1572002, *12 (D.Minn.2003). The reasoning behind the rule is:

It would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC. If it is impossible to reach a settlement with one discrimi-

---

1. In Count III of the proposed Intervenors' Complaint certain of the PPIs join their look-alike ICRA race discrimination claims now pending in *Ward.* There is no reason to decline the exercise of supplemental jurisdiction over the ICRA claims as plaintiffs request.

The Court notes the proposed Intervenors' Complaint does not contain a Count II. While in a footnote it states plaintiffs "also assert claims against Von Maur under 42 U.S.C.1981 as pled"

in the *Ward* case, the Intervenors' Complaint does not expressly seek relief under section 1981. If the footnote was intended to plead a section 1981 cause of action it is not in the Court's judgment sufficient to do so. *See* Fed.R.Civ.P. 10(b), (c).

2. No question is raised about the timeliness of the motion to intervene.

natee, what reason would there be to assume the next one would be successful. *Allen*, 554 F.2d at 883 (quoting *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496, 498 (5th Cir.1968)). The term "person aggrieved" is used in 42 U.S.C. § 2000e–5(f)(1) to describe both a person who can intervene in a case brought by the EEOC and a person who can bring a private action if the EEOC does not go forward. If under the single-filing rule a non-charging similarly-situated plaintiff is allowed to sue as a "person aggrieved" so too should that person be permitted to intervene in an EEOC case as a "person aggrieved" for

> ... it would be nonsensical for the courts to give the term "person aggrieved" as used in 42 U.S.C. § 2000e–5(f)(1), one meaning for the purpose of determining a person's right to commence a private Title VII action and a second, different meaning in order to determine a person's right to intervene in an EEOC-filed Title VII action.

*Spirt*, 93 F.R.D. at 641.

Von Maur concedes, as it must, that R. Williams, Donelson, Haymon and Maiden on the basis of whose charges the EEOC sues (hereinafter "charging PPIs") are entitled to intervene of right. It also does not contest the intervention of PPIs Smith and Thomas as persons with nearly identical claims. It argues the motion to intervene should be denied with respect to PPIs McBride, Gardner, L. Williams, Young, Guy and Johnson because their claims are not nearly identical in terms of temporal proximity and/or subject matter, and denied with respect to Ward because she has already brought a Title VII claim in the case in which she is the lead plaintiff (collectively the "disputed PPIs").

As to time frame, PPIs Donelson, Smith, R. Williams, Haymon and Thomas all applied for jobs in the April to September 2004 time period as truck drivers or warehouse workers in Davenport. Maiden applied in mid–2004 for a sales position in the Davenport store. The disputed PPIs applied for work between about May to July 2003, though Johnson first applied in 2001 or 2002, and Guy in 2000.

The Court does not believe the temporal difference between the two groups in application dates of about a year or less is alone significant enough to deprive the disputed PPIs of "nearly identical" claimant status. To begin with, the EEOC complaint alleges that Von Maur has engaged in continuing racially discriminatory hiring practices at its Davenport locations for warehouse, truck driver and sales associate positions since "at least 2001." (Complaint ¶ 7). Where the charging parties are alleged to have been the victims of a continuing practice of employment discrimination, the relevant time frame includes the period during which the discrimination is alleged to have occurred. There is, moreover, no assertion that Von Maur's hiring policies, practices or procedures were materially different at the time the disputed PPIs applied for work. McBride, Gardner, Young, Johnson and Guy applied at Von Maur's corporate headquarters, the same as Donelson and R. Williams. L. Williams, like Maiden, applied as a sales associate at Von Maur's store. The Court believes all the PPIs may be viewed as having applied for jobs during the same relevant time frame.

If the disputed PPIs applied for jobs in the same relevant time frame, and for work at the same Von Maur Davenport locations as they all allege, the "nearly identical" inquiry focuses on whether they applied for the same or similar warehouse, truck driver and sales associate positions as the charging PPIs. L. Williams sought the same job as Maiden at the same store. Young applied to work in Von Maur's warehouse as did R. Williams and like Williams, submitted her application at Von Maur's corporate headquarters. The claims of L. Williams and Young are properly viewed as nearly identical to those, respectively, of charging PPIs Maiden and R. Williams. Both have the right to intervene.

The proposed Intervenors' Complaint does not specify the jobs for which Gardner and McBride applied, but the movants say the decision maker in Gardner's case was the same person who made the decisions concerning Donelson and Smith. R. Williams and McBride also shared the same decision maker. This, together with the fact that

McBride and Gardner applied at the same location as Donelson and the absence of evidence McBride and Gardner specifically applied for jobs other than the three pleaded in the EEOC's Complaint, leads the Court to conclude the claims of McBride and Gardner are sufficiently identical to give them the right to intervene.

■ Johnson and Guy present different pictures. Johnson applied for a position in Von Maur's credit department in response to an advertisement. She had previously worked for a credit union's credit card department. She applied first in June 2001 or 2002, and a second time for a similar position in June 2003. In the absence of any indication to the contrary, it is fair to assume the qualifications and job requirements for clerical work in the credit department differ significantly from those for the sales associate, warehouse and truck driver positions on which the EEOC bases its compliant. The same is true with respect to the executive training program for which Guy applied in 2001, and the assistant buyer and purchasing department positions she sought in mid–2003. There is no showing that these jobs were at all similar to those sought by the charging PPIs. Because of the apparent dissimilarity between the jobs for which Johnson and Guy applied and those for which the charging PPIs applied, the Court concludes the claims of Johnson and Guy have not been shown to be "nearly identical" so as to vest Johnson and Guy with the status of persons aggrieved entitled to intervene of right.

■ The Court agrees with Von Maur that Ward is not entitled to intervene of right. Ward filed a charge with the EEOC, requested and received a Right–to–Sue letter, and has initiated her own Title VII action. The enforcement provisions of Title VII set up a regime in which, generally, if the EEOC sues first the aggrieved employees may intervene of right, if the employee sues first the EEOC may seek permissive intervention under Fed.R.Civ.P. 24(b), but either way, ordinarily there is a single lawsuit. 42 U.S.C. § 2000e–5(f)(1); *see EEOC v. Harris Chernin, Inc.*, 10 F.3d 1286, 1292 (7th Cir.1993); *McClain v. Wagner Elec. Corp.*, 550 F.2d 1115, 1119 (8th Cir.1977). For this

reason, the Eighth Circuit has held that "duplicative suits by the Commission and by employees cannot be maintained under § 706 [codified as amended at 42 U.S.C. § 2000e–5] of [Title VII]." *Wagner Elec.*, 550 F.2d at 1119; *see Missouri Pacific Railway Co.*, 493 F.2d at 75. It would be anomalous if only one in Ward's position could maintain duplicative Title VII actions, one founded on her own EEOC charge and the other as an intervenor in an action based on charges filed by another. Additionally, the reasons for allowing intervention in an EEOC-filed action by other persons with nearly identical claims has nothing to do with Ward's circumstances. She is a "person aggrieved" entitled to sue on the basis of her own charge of discrimination. No purpose is served by treating her as a "person aggrieved" with respect to the charges of others on which the EEOC bases its action.

The motion to intervene is **granted in part and denied in part** [4]. It is granted with respect to PPIs Darlena McBride, Tanya Gardner, Robert Donelson, Raquel Maiden, Charles Smith, Laronica Williams, Latoya Young, Roscoe Haymon, Robert Williams and James Thomas and is denied with respect to PPIs Walkesheia Ward, Damenica Johnson and Machelle Guy. The intervenors shall file an appropriately revised complaint within **twenty (20) days**. They may include ICRA claims for PPIs Donelson, Haymon, Maiden, Smith and R. Williams as pleaded in the proposed Intervenors' Complaint submitted with the motion papers.

Motion to consolidate [3] **granted**. This action is consolidated for all pretrial purposes, including scheduling order deadlines, with *Ward, et al. v. Von Maur*, No. 3:04–cv–00159–RP–RAW. The pretrial scheduling order deadlines in *Ward* are incorporated by reference as the scheduling deadlines in this case. For present purposes this case shall come on for final pretrial conference and trial on the same dates currently set in the *Ward* case, September 28, 2007 and October 15, 2007, respectively. The parties shall comply with the requirements laid out in the order setting final pretrial conference in the *Ward* case. Accordingly, it is not necessary for the

parties to file a separate proposed scheduling order and discovery plan in this case.

Counsel for the parties in both actions shall confer and not later than July 27, 2007 (approximately two months before the scheduled final pretrial conference in *Ward*) report to the Court their proposals concerning whether a consolidated trial of these actions should be had and, if they cannot agree, submit separate proposals and any appropriate motions pertaining to consolidation for trial. The Court will modify the final pretrial conference and trial dates in this case as may be appropriate in light of the parties' proposals.

Until further order, all filings in these cases will be made only in the earlier-filed action, No. 3:04–cv–00159–RP–RAW, using the following caption:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

WALKESHEIA WARD, DARLENA McBRIDE, TANYA GARDNER, ROBERT DONELSON, RAQUEL MAIDEN, CHARLES SMITH, LARONICA WILLIAMS, LATOYA YOUNG, MACHELLE GUY, ROSCOE HAYMON, ROBERT WILLIAMS, DAMENICA JOHNSON, and JAMES THOMAS,

Plaintiffs,

vs.

VON MAUR, INC.,

Defendant.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

vs.

VON MAUR, INC.,

Defendant.

DARLENA McBRIDE, TANYA GARDNER, ROBERT DONELSON, RAQUEL MAIDEN, CHARLES SMITH, LARONICA WILLIAMS, LATOYA YOUNG, ROSCOE HAYMON, ROBERT WILLIAMS, and JAMES THOMAS,

Plaintiff–Intervenors,

vs.

VON MAUR, INC.,

Defendant.

NO. 3:04–cv–00159–RP–RAW

(Consolidated for pretrial

purposes with 4:06–cv–00182–RP–RAW)

IT IS SO ORDERED.

