**Alan BENDZAK, as attorney-in-fact for Mary H. Bendzak, and Mary H. Bendzak, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**MIDLAND NATIONAL LIFE INSURANCE COMPANY, Defendant.**

**Nos. 4:05 CV 00649(L), 4:06 CV 00340.**

United States District Court, S.D. Iowa, Central Division.

Feb. 15, 2007.

Jeffrey D. Ewoldt, Whitfield & Eddy PLC, Des Moines, IA, Laura L. Geist, Gordon & Rees LLP, San Francisco, CA, John H. Moorlach, Whitfield & Eddy PLC, Des Moines, IA, Teresa R. Ponder, Berger & Kahn, Irvine, CA, Donald W. Rees, Gordon & Rees LLP, San Francisco, CA, Jaki K. Samuelson, Whitfield & Eddy PLC, Des Moines, IA, Craig S. Simon, Berger Kahn, LC, Irvine, CA, Bernard L. Spaeth, Jr., Whitfield & Eddy, PLC, Gretchen Witte Kraemer, Whitfield & Eddy, PLC, Des Moines, IA, for American Equity Investment Life Insurance Company a corporation, Defendant.

Steve W. Berman, Hagens Berman Sobol Shapiro LLP, Seattle, WA, Elaine T. Byszewski, Habens Berman Sobol Shapiro, Los Angeles, CA, Elizabeth A. Fegan, Hagens Berman Sobol Shapiro LLP–OAK Park, OAK Park, IL, Andrew S. Friedman, Bonnett Fairbourn Friedman & Balint PC, Phoenix, AZ, J. Barton Goplerud, Hudson Mallaney & Shindler PC, West Des Moines, IA, Rachel L. Jensen, Lerach Coughlin Stoia

Geller Rudman & Robbins, San Diego, CA, Daniel ·J. Kurowski, Hagens Berman Sobol Shapiro LLP–OAK Park, Timothy P. Mahoney, Hagens Berman Sobol Shapiro LLP–OAK Park, OAK Park, IL, Michael P. Mallaney, Hudson Mallaney & Shindler, Des Moines, Theodore J. Pintar, Lerach Coughlin Stoia Geller Rudman & Robbins, San Diego, CA, Elaine A. Ryan, Bonnett Fairbourn Friedman & Balint, Phoenix, AZ, John J. Stoia, Jr., Lerach Coughlin Stoia Geller Rudman & Robins, San Diego, CA, Patricia N. Syverson, Bonnett Fairbourn Friedman & Balint, Phoenix, AZ, Helen I. Zeldes, Lerach Coughlin Stoia Geller Rudman & Robbins, San Diego, CA, Timothy A. Scott, Hagens Berman Sobol Shapiro LLP–OAK Park, OAK Park, IL, for Mary H. Bendzak individually and on behalf of all others similary situated, Plaintiff.

## ORDER TO CONSOLIDATE

PRATT, Chief Judge.

Plaintiff, Mary H. Bendzak, brings suit individually and on behalf of a purported class of others similarly situated in the United States District Court for the Southern District of Iowa, challenging the actions of Midland National Life Insurance Company ("Midland"), Case No. 4:05–cv–00649, and American Equity Investment Life Insurance Company ("American"), Case No. 4:06–cv–00340. Bendzak, in both actions, alleges violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), common law conspiracy, and unjust enrichment. The claims in both actions arise essentially from the same set of operative facts: Midland and American knowingly used licensed agents that engaged in unfair, improper, and unlawful sales practices in connection with the solicitation, offering, and sale of deferred annuity products to senior citizens.

■ Federal Rule of Civil Procedure 42(a) states: "When actions involving a common question of law or fact are pending before the court ... it may order all actions consolidated...." Fed.R.Civ.P. 42(a). "The Rule should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate un-

necessary repetition and confusion." *Devlin v. Transportation Communications International Union*, 175 F.3d 121, 130 (2d Cir.1999) (internal citations and quotations omitted). Consolidation has historically been a "matter of convenience and economy in administration," *EEOC v. Von Maur, Inc.*, 237 F.R.D. 195, 197 (S.D.Iowa 2006) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496, 53 S.Ct. 721, 77 L.Ed. 1331 (1933)), and its purpose is to avoid unnecessary cost or delay. *EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir.1998). Thus, consolidation is inappropriate if it leads "to inefficiency, inconvenience, or unfair prejudice to a party." *Id.* at 551. Whether to consolidate actions under Rule 42(a) is vested in the court's discretion, *Von Maur*, 237 F.R.D. at 197, and the district court can consolidate actions sua sponte, *Devlin*, 175 F.3d at 130.

■ Here, each of the proposed class actions asserts essentially identical or overlapping claims and involves common issues of law and fact, in that each action alleges that the Defendants, Midland and American, engaged in unfair, improper, and unlawful sales practices to prey upon senior citizens. In her complaint against Midland, Bendzak outlines nine questions of law or fact that are common amongst the proposed class members; in her complaint against American, Bendzak outlines the same nine common questions of law and fact. Indeed, except for very minor differences in the facts of each case, such as the number of deferred annuities that were sold (eight deferred annuities in *Midland* versus two deferred annuities in *American* ), and the time period in which the deferred annuities were sold (April 2001 to January 2002 in *Midland* versus August 2002 to November 2002 in *American* ), the complaints in the two actions are identical. Consolidation, therefore, is appropriate when, as here, there are actions involving common questions of law or fact. "That certain defendants are named in only one or some of the complaints does not require a different result." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y.2004) (citing *Pinkowitz v. Elan Corp., PLC*, Nos. 02 Civ. 865(WK) et al., 2002 WL 1822118, at *3

(S.D.N.Y. July 29, 2002) ("[A]lthough certain class actions here name defendants not otherwise present in the other class actions, consolidation is not barred simply because the actions to be consolidated allege claims against different parties.") (citation and internal quotations omitted)). Nor do the slight differences among the class periods proposed, measures of damages sought, or stages of discovery preclude consolidation. *Id.* at 402; *see generally* 8 Moore's Federal Practice § 42.10.

Based on the pleadings, the Court believes that consolidating Case No. 4:06–cv–00340, captioned *Bendzak et al. v. American Equity Investment Life Insurance,* with Case No. 4:05–cv–00649, captioned *Bendzak et al. v. Midland National Life Insurance Company,* would avoid unnecessary cost, delay, repetition, confusion, and expedite trial. Therefore, the two above-captioned cases are hereby consolidated under *Bendzak et al. v. Midland National Life Insurance Co.,* Case No. 4:05–cv–00649, and the parties shall file future pleadings of these consolidated actions accordingly. *See* L.R. 10.1(f). If, however, the parties believe that a consolidation would lead to inefficiency, inconvenience, or unfair prejudice to a party, the Court will revisit this issue upon a motion by either party.

IT IS SO ORDERED.