*839 Per Curiam.
The Federal Employers’ Liability Act (FELA), 35 Stat. 65, as amended, provides that employees of common-carrier railroads may recover for work-related injuries caused in whole or in part by their railroad-employer’s negligence. See 45 U. S. C. §§ 51-60. In this case respondent Thurston Hensley sued petitioner CSX Transportation, Inc., in Tennessee state court. Hensley, who was employed by CSX as an electrician, alleged that the railroad negligently caused him to contract asbestosis — a noneaneerous scarring of lung tissue caused by long-term exposure to asbestos.
Hensley sought pain-and-suffering damages from CSX based on, among other things, his fear of developing lung cancer in the future. The Court addressed this subject in Norfolk & Western R. Co. v. Ayers, 538 U. S. 135 (2003), and held that those types of damages are available in certain FELA cases. The Court stated:
“Norfolk presented the question whether a plaintiff who has asbestosis but not cancer can recover damages for fear of cancer under the FELA without proof of physical manifestations of the claimed emotional distress. Our answer is yes, with an important reservation. We affirm only the qualification of an asbestosis sufferer to seek compensation for fear of cancer as an element of his asbestosis-related pain and suffering damages. It is incumbent upon such a complainant, however, to prove that his alleged fear is genuine and serious.” Id., at 157 (internal quotation marks, citation, and alteration omitted).
At the close of a 3-week trial, Hensley and CSX submitted proposed jury instructions to the trial court. CSX proposed two instructions — requests 30 and 33 — related to Hensley’s claim for fear-of-cancer damages. Request 30 stated the basic requirements to obtain those damages under Ayers. *840 Supp. Tech. Record, Exh. A, p. 4 (“Plaintiff is also alleging that he suffers from a compensable fear of cancer. In order to recover, Plaintiff must demonstrate . .. that the . . . fear is genuine and serious”). Request 33 stated certain factors the jury could consider in applying the Ayers standard. Supp. Tech. Record, Exh. A, at 5-6. The trial court denied both requests over CSX’s objections, and the jury was not instructed as to the legal standard for fear-of-cancer damages. 17 Tr. 2410-2415; 20 id., at 2903-2904. After two hours of deliberations, the jury found for Hensley and awarded him $5 million in damages.
The Tennessee Court of Appeals affirmed. 278 S. W. 3d 282 (2008). It described our opinion in Ayers as “specifically limit[ed]” to the “narrow issue” of whether a FELA plaintiff with asbestosis can recover for fear of cancer. 278 S. W. 3d, at 300. According to the Tennessee Court of Appeals, Ayers “did not discuss or authorize jury instructions on this issue, but merely ruled on substantive law.” 278 S. W. 3d, at 300 (internal quotation marks omitted). The Tennessee Court of Appeals also reasoned that “little if any purpose would be served by instructing the jury that the plaintiff’s fear must be ‘genuine and serious.’” Ibid. That is because “the mere suggestion of the possibility of cancer has the potential to evoke raw emotions,” and “[a]ny juror who might be predisposed to grant a large award based on shaky evidence of a fear of cancer is unlikely to be swayed by the language of Ayers.” Ibid. Instead, the Tennessee Court of Appeals stated, “it is for the courts to serve as gatekeepers” by ensuring that fear-of-cancer claims “do not go to the jury unless there is credible evidence of a ‘genuine and serious’ fear.” Ibid.
CSX petitioned for certiorari, arguing that the Tennessee Court of Appeals misread and misapplied this Court’s decision in Ayers. CSX’s contention is correct. The ruling of the Tennessee Court of Appeals, and the refusal of the trial court to give an instruction, were clear error. Contrary to *841 the assertion of the Tennessee Court of Appeals, the Ayers Court expressly recognized that several “verdict control devices [are] available to the trial court” when a FELA plaintiff seeks fear-of-cancer damages. 588 U. S., at 159, n. 19. Those “include, on a defendant’s request, a charge that each plaintiff must prove any alleged fear to be genuine and serious.” Ibid. CSX requested an instruction on the substance of the genuine-and-serious standard, and the trial court erred by not giving one.
The reasons given by the Tennessee Court of Appeals for upholding the denial of an instruction on the standard do not withstand scrutiny. The court stated that instructing the jury on the legal standard for fear-of-cancer damages would have been futile because cancer touches many lives and therefore “evoke[s] [jurors’] raw emotions.” 278 S. W. 3d, at 300. This is a serious misunderstanding of the nature and function of the jury. The jury system is premised on the idea that rationality and careful regard for the court’s instructions will confine and exclude jurors’ raw emotions. Jurors routinely serve as impartial factfinders in cases that involve sensitive, even life-and-death matters. In those cases, as in all cases, juries are presumed to follow the court’s instructions. See Greer v. Miller, 483 U. S. 756, 766, n. 8 (1987). And the trial court in this case correctly instructed the jury as to its legal duty to “follow all of the instructions.” 20 Tr. 2882.
Instructing the jury on the standard for fear-of-cancer damages would not have been futile. To the contrary, the faet that cancer claims could “evoke raw emotions” is a powerful reason to instruct the jury on the proper legal standard. Giving the instruction on this point is particularly important in the FELA context. That is because of the volume of pending asbestos claims and also because the nature of those claims enhances the danger that a jury, without proper instructions, could award emotional-distress damages based on slight evidence of a plaintiff’s fear of contracting *842 cancer. But as this Court said in Ayers, more is required. Although plaintiffs can seek fear-of-cancer damages in some FELA cases, they must satisfy a high standard in order to obtain them. 538 U. S., at 157-158, and n. 17. Refusing defendants’ requests to instruct the jury as to that high standard would render it all but meaningless.
It is no answer that, as the Tennessee Court of Appeals stated, courts can apply the Ayers standard when ruling on sufficiency-of-the-evidenee challenges. To be sure, Ayers recognized that a “review of the evidence on damages for sufficiency” is another of the “verdict control devices” available to courts when plaintiffs seek fear-of-cancer damages. Id., at 159, n. 19. But a determination that there is sufficient evidence to send a claim to a jury is not the same as a determination that a plaintiff has met the burden of proof and should succeed on a claim outright. Put another way, a properly instructed jury could find that a plaintiff’s fear is not “genuine and serious” even when there is legally sufficient evidence for the jury to rule for the plaintiff on the issue. That is why Ayers recognized that sufficiency reviews and jury instructions are important and separate protections against imposing unbounded liability on asbestos defendants in fear-of-cancer claims.
When this Court in Ayers held that certain FELA plaintiffs can recover based on their fear of developing cancer, it struck a delicate balance between plaintiffs and defendants— and it did so against the backdrop of systemic difficulties posed by the “elephantine mass of asbestos cases.” Id., at 166 (internal quotation marks omitted). Jury instructions stating the proper standard for fear-of-cancer damages were part of that balance, id., at 159, n. 19, and courts must give such instructions upon a defendant’s request. The ruling of the Tennessee Court of Appeals conflicts with Ayers. The trial court should have given the substance of the requested instructions. See also Hedgecorth v. Union Pacific R. Co., 210 S. W. 3d 220, 227-229 (Mo. App. 2006).
*843 The petition for certiorari is granted. The motions for leave to file briefs amici curiae of American Tort Reform Association et al.; Association of American Railroads; and Washington Legal Foundation are granted. The judgment of the Tennessee Court of Appeals is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

It is so ordered.