**Chelsea LINTON, Plaintiff,**

v.

**ANGIE'S INC., d/b/a The Belle Starr Saloon and Casino, Inc., and Jason Orelup.**

**No. CIV. 09–5099–JLV.**

United States District Court,
D. South Dakota,
Western Division.

June 26, 2012.

Rebecca L. Mann, Sara Frankenstein, Gunderson, Palmer, Nelson & Ashmore, LLP, Rapid City, SD, for Plaintiff.

Michael V. Wheeler, Demersseman Jensen Lawyers, Rapid City, SD, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE
### [DOCKET NO. 63]

VERONICA L. DUFFY, United States Magistrate Judge.

### INTRODUCTION

On April 24, 2012, Chelsea Linton moved the district court, pursuant to Federal Rule of Civil Procedure 42(a)(2), to consolidate this action with *Heil v. Belle Starr Saloon & Casino, Inc., et al.*, Civ. No. 09–5074. *See* Docket No. 63, Ms. Linton asserts that common questions of fact and law are pending in both matters and consolidation would be conducive to expedition and judicial economy. *Id.* Misty Heil does not oppose consolidation and agrees that consolidation is warranted. *Id.* The defendants oppose the motion in all respects. *See* Docket No. 73. The district court, the Honorable Jeffrey L. Viken, referred this motion to this magistrate judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A). *See* Docket No. 75.

### BACKGROUND

Chelsea Linton commenced the present action on November 9, 2009, alleging violations of Title VII and S.D.C.L. Ch. 20–13 for sexual harassment, including hostile work environment, quid pro quo, and retaliation under Title VII (42 U.S.C. § 2000e et seq.). *See* Docket No. 18. Ms. Linton has also alleged state law claims of negligence, intentional infliction of emotional distress, and assault and battery. *Id.* The defendants in Ms. Linton's action are Angie's, Inc., Belle Starr Saloon and Casino, Inc., Jason Orelup, Thomas W. Sherwood, Sr. d/b/a Sherwood Investment and Trust Company, and Sherwood Family Limited Partnership.

Misty Heil commenced her action on September 15, 2009, alleging sexual harassment, creation of a hostile work environment, retaliatory discharge, and wrongful termination, in violation of Title VII (42 U.S.C. § 2000e et seq.). She also alleges claims of assault and battery and intentional infliction of emotional distress, in violation of South Dakota state law. *See* Docket No. 39. The defendants in Ms. Heil's action are Angie's, Inc., Belle Starr Saloon and Casino, Inc., Thomas W. Sherwood, Sr. d/b/a Sherwood Investment and Trust Company, and Sherwood Family Limited Partnership. Additionally, Sherwood Investment and Trust Company has filed a third party complaint against Jason Orelup. *See* Docket No. 77.

## DISCUSSION

 The court has authority to consolidate actions pursuant to Federal Rule of Civil Procedure 42(a), which states:

> If actions before the court involve common questions of law or fact, the court may (1) join for hearing or trial any and all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

" 'The Rule should be prudently employed as a valuable and important tool of judicial administration, involved to expedite trial and eliminate unnecessary repetition and confusion.' " *Bendzak v. Midland Nat'l Life Ins. Co.*, 240 F.R.D. 449, 450 (S.D.Iowa 2007) (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir.1999)). The purpose of consolidation is "to avoid unnecessary cost or delay." *Id.* "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir.1998). However,

> consolidation is not barred simply because the plaintiffs may be relying on different legal theories or because there are some questions that are not common to all the actions; the critical considerations, as in other contexts of the Federal Rules, is whether there is at least one common question of law or fact to justify bringing the actions together....

Charles A. Wright, Arthur R. Miller, Mary Kay Kane 86 Richard L. Marcus, *Fed. Practice & Procedure*, § 2384 (3d ed. 2008) (hereinafter "Wright & Miller"). The district court has broad discretion in determining whether to consolidate cases containing a common question of fact or law. *See Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994).

### A. Whether the Motion to Consolidate is Timely

Defendants assert that Ms. Linton's motion must be denied as untimely as the district court's scheduling order set February 22, 2012, at the deadline for filing all motions other than motions *in limine*. *See* Docket No. 44. Ms. Linton asserts that timeliness cannot relate to whether the motion is made pursuant to a scheduling order as Rule 42(a) itself allows for consolidation just for trial, which generally would be done in contemplation of trial, long after the scheduling order deadline has passed.

Under Rule 42(a), "if actions before the court involve a common question of law or fact, the court may ... join for ... trial any or all matters at issue in the actions." *See* Fed.R.Civ.P. 42(a). "A motion to consolidate may be made as soon as the issues that justify consolidation become apparent...." Wright & Miller, § 2383. Rule 42 implies that cases may be joined after the deadline for filing motions has passed as the rule contemplates consolidation of cases only for trial.

 As the issues are generally not completely framed until after the scheduling deadlines have passed, it makes sense that a motion for consolidation would be made after the deadline for filing motions has passed but before trial. In a recent case in this district, *Suhn v. Breg, Inc.*, 2011 WL 1527263, *2 (D.S.D.2011), the district court granted a motion to consolidate nine months after the deadline set in the scheduling order, finding that "the interest of judicial economy and convenience support[ed] consolidation because both cases [relied] on many of the same witnesses and testimony evidence." The court finds that the motion is timely pursuant to Rule 42(a).[1]

### B. Common Facts, Defendants, and Witnesses Between the Actions

 Ms. Linton asserts that common questions of fact exists between the actions, making consolidation appropriate. Both Linton's and Heil's causes of action arise out their employment at the Belle Starr Saloon and Casino and center around the alleged inappropriate behavior of Jason Orelup, their manager.

---

1. Had the motion to consolidate been made by Ms. Heil rather than Ms. Linton, the motion would have been timely under the court's scheduling order in her case. *See* Docket No. 84 at ¶ 9 (*Heil*, Civ. No. 09–5074).

Misty Heil was employed at the Belle Starr from approximately February 8, 2008, until approximately May 2, 2008. During her employment, Ms. Heil reported to and worked under the direct supervision of Jason Orelup. Ms. Heil asserts that during her employment, Mr. Orelup created a hostile working environment by yelling, swearing and threatening her while working at the Belle Starr. Ms. Heil also asserts that Mr. Orelup made numerous sexually harassing statements and physically threatening statements towards her and other female employees at the Belle Starr. Ms. Heil asserts that Mr. Orelup whipped her with a towel, pushed her onto a pool table, threw her onto the floor and sexually assaulted her, and would grab her rear and crotch. Ms. Heil argues that Mr. Orelup's behavior was not welcome and was rejected. Ultimately, Ms. Heil asserts that she was terminated for refusing and reporting Mr. Orelup's conduct. Ms. Heil alleges that Mr. Orelup also instructed witnesses to lie about her allegations and that the defendants did nothing to prevent or remedy the illegal misconduct despite numerous complaints.

Chelsea Linton was employed by defendants from June 2008 through August 11, 2008, as a bartender. Ms. Linton asserts that during the course of her employment, Jason Orelup subjected her to pervasive and unwelcome verbal sexual harassment, physical sexual harassment, and assault and battery. Ms. Linton asserts that Mr. Orelup's sexual advances were an express or implied condition for receiving job benefits and that she was treated badly when she refused the advances. Ms. Linton asserts that she was eventually terminated as a result of refusing Mr. Orelup's sexual advances. Ms. Linton alleges that Mr. Orelup instructed other employees to lie about the reason for Ms. Linton's termination.

It is clear that the facts of each case arise out of similar circumstances. Both Ms. Heil and Ms. Linton assert that they were subjected to verbal sexual harassment, physical sexual harassment, and assault and battery during the course of their employment at the Belle Starr. Both Ms. Heil and Ms. Linton assert that Mr. Orelup made sexual advances at them and that they were terminated as a result of refusing those advances.

The defendants argue that several key facts indicate that consolidation is not appropriate. First, defendants assert that because Ms. Linton and Ms. Heil were employed at different time periods that this weighs against consolidation. In support of this proposition, defendants cite *King v. General Elec. Co.*, 960 F.2d 617 (7th Cir.1992).

In *King*, the Seventh Circuit found that the district court had abused its discretion in consolidating two actions. *Id.* at 626. The court noted that plaintiffs in one of the actions alleged a pattern or practice of discrimination and that the defendant generally discriminated against older workers. *Id.* The plaintiffs in the second action did not allege that defendants had a company-wide discriminatory policy or practice, only that each plaintiff was fired because of age. *Id.* In addition, the first group of plaintiffs were allegedly injured in 1983 and 1984, whereas the second group of plaintiffs were allegedly injured in 1985. The court noted that the evidence of discrimination in 1983 and 1984 provided "scant support for the allegation" that defendants discriminated in 1985. *Id.* Thus, the court concluded that because of the different allegations and time frames, the district court abused its discretion by consolidating the actions. *Id.*

The *King* case is distinguishable from the current actions before the court. First, in *King* the allegations were not similar. Although both sets of plaintiffs were alleging discrimination, one group was alleging a company-wide practice of discrimination, while the second group of plaintiffs did not assert a company-wide practice of discrimination, only that they were individually fired because of their age. *See id.* Here, the allegations are nearly identical. Both Ms. Heil and Ms. Linton assert that they were subjected to verbal sexual harassment, physical sexual harassment, and assault and battery during the course of their employment at the Belle Starr. In addition, both Ms. Heil and Ms. Linton assert their actions arose out of the alleged inappropriate behavior of their supervisor, Jason Orelup. Furthermore, unlike in *King* where at least one year separated the

alleged discrimination of defendants in the two cases, in this case, all the alleged causes of action arose between February and August of 2008. There is not a significant period of time between the alleged incidents.

Defendants also assert that because plaintiffs were employed at separate times that any facts, testimony or evidence offered in the *Linton* case would have no probative value in the *Heil* case, as the events took place after Ms. Heil had left the employ of the Belle Starr. Thus, defendants assert that any facts or evidence offered in *Linton* relating to the conduct occurring after Ms. Heil was no longer employed would taint the jury in the *Heil* case and prejudice the defendants.

In *Alaniz v. Zamora–Quezada*, 591 F.3d 761, 767 (5th Cir.2009), separate cases of four former employees bringing Title VII sexual harassment claims against their employer were consolidated. Two of the plaintiffs had overlapping employment time frames, but the other two defendants were not employed until six months after the first two plaintiffs had left the employer. *Id.* Nevertheless, the court held that consolidation was appropriate and that the defendant "suffered no real prejudice given the similarities between the cases involved." *Id.* at 774. The court went on to note that all the plaintiffs' claims centered "on allegations of continuous sex discrimination involving the same *modus operandi*" and that all the claims were "based on a similar series of transactions that were committed over a relatively short time span." Thus, the court held that each plaintiff's "claim and evidence presented was relevant to the others' allegations, while prejudice to the defendant, if any, was minimal."

In this case, the gap between Ms. Heil's and Ms. Linton's employment at the Belle Starr was a month or less. Additionally, their claims are centered on allegations of sexual and physical harassment involving the same decisionmaker, Jason Orelup, and the same *modus operandi*. Thus, any potential prejudice to the defendant is minimal. While the court is appreciative of defendants' concern that a jury will not be able to compartmentalize the claims of one of the plaintiffs as opposed to the other, with proper jury instructions, the court and counsel can assure that no jury confusion will arise.

Next, the defendants assert that because Ms. Heil and Ms. Linton were employed in different capacities (Ms. Heil was a waitress and Ms. Linton was a bartender), that this weighs against consolidation. Defendants offer no support for this proposition. In *Alaniz*, in which four separate cases were consolidated, each plaintiff held a different position. *Id.* at 767–69. Nevertheless, the court found consolidation appropriate because of the similar series of transactions in each plaintiffs case. *Id.* Thus, although Ms. Heil and Ms. Linton were employed in different positions, their allegations stem from the similar conduct of Jason Orelup, which occurred over a short period of time. The court finds that the fact that Ms. Heil and Ms. Linton held different positions does not weigh against consolidation.

Next, the defendants argue that the factual circumstances surrounding the alleged sexual harassment differ in each case. The defendants assert that in Ms. Heil's case, she alleges specific acts of physical assault, while Ms. Linton only asserts unspecified allegations. When looking at the complaints in this case, it is apparent that both Ms. Heil and Ms. Linton assert that they were subjected to sexual and physical harassment and assault and battery. As discussed above, consolidation is appropriate where the claims allege the same misconduct and are asserted against the same defendant. The court finds that Ms. Heil and Ms. Linton allege similar claims and that the alleged misconduct was committed by the same individual, Jason Orelup.

Next, defendants assert that there is a lack of symmetry in the named defendants which will likely create confusion for jurors attempting to keep the appropriate defendants matched. Under the court's recent orders granting Ms. Heil's and Ms. Linton's motions to join and amend their complaints, the parties are nearly identical in each action.

In Ms. Heil's case, the defendants are Angie's, Inc.; Belle Starr Saloon and Casino, Inc.; Thomas W. Sherwood, Sr. d/b/a Sherwood Investment and Trust Company; and

Sherwood Family Limited Partnership. In addition, Sherwood Investment has filed a third-party complaint against Jason Orelup, making Mr. Orelup a third-party defendant. In Ms. Linton's case, the defendants are Jason Orelup; Angie's, Inc.; Belle Starr Saloon and Casino, Inc.; Thomas W. Sherwood, Sr. d/b/a Sherwood Investment and Trust Company; and Sherwood Family Limited Partnership. The only difference in the defendants is that Jason Orelup is a named defendant in the *Linton* action but is a third party defendant in the *Heil* action.

Defendants cite *Shazier v. Southwest Va. Reg. Jail Auth.*, 2009 WL 94700 (W.D.Va. 2009) in support of their position that consolidating the cases when Mr. Orelup is a defendant in one case and a third party defendant in the other would likely create confusion for jurors. In *Shazier*, the court declined to consolidate four actions. *Id.* at *2. The court noted that while there was some common identity among the multiple defendants in each of the cases, that they were not identical:

> For instance, the defendants in *Shazier* are different from those in *Sizemore*, in that there are three defendants named in the *Sizemore* complaint who are not named in *Shazier*. Likewise, there is an additional defendant named in *Horner* who is not named in *Shazier*. and there are five defendants named in *Shazier* who are not named in *Horner*. Finally, in *Huff*, there is one defendant who is not named in *Shazier*.

*Id.* Based on the numerous differences between the defendants in the various cases, the court held that consolidation "would likely create confusion for jurors attempting to keep the appropriate defendants 'matched' with each of the four cases the plaintiffs [sought] to consolidate." *Id.*

The current case is distinguishable from *Shazier*. In *Shazier*. the defendants were substantially different amongst the various cases. Here, the defendants are identical with the exception of Jason Orelup being a named defendant in the *Linton* action and a third party defendant in the *Heil* action. Furthermore, it is likely that Sherwood Investments will cross-claim against Mr. Orel-

up in the *Linton* action, just as they did in the *Heil* action. The potential for jury confusion that existed in *Shazier* is simply not present in this case.

In addition to similar facts and defendants, the witnesses for both actions are similar. The witnesses in both actions include Jeremy Cease, Chrissy Rieb, Rhonda Graff, Alice Speicher, Misty Heil, and Chelsea Linton. In fact, Ms. Heil and Ms. Linton took a joint deposition of Alice Speicher to reduce the costs to the parties. Ms. Linton asserts that these witnesses will testify regarding Ms. Orelup's behavior toward both Ms. Linton and Ms. Heil, complaints made to defendants regarding Mr. Orelup's behavior, as well as general conduct that took place at the Belle Starr. Thus, it appears that several of the witnesses are the same in both actions; this weighs in favor of consolidation. *See Blood v. Givaudan Flavors Corp.*, 2009 WL 982022, at *7 (N.D.Iowa 2009) (recognizing that the inevitable testimonial "overlap" in separate trials supported consolidation).

## C. Common Question of Law Between the Actions

 Ms. Linton asserts that common question of law are present in both actions. Both Ms. Heil and Ms. Linton are alleging violations of Title VII and S.D.C.L. Ch. 20–13 for sexual harassment including hostile work environment and retaliation. Both have also alleged intentional infliction of emotional distress, assault and battery. Ms. Linton has two additional claims not alleged by Ms. Heil (negligence and Title VII quid pro quo) and Ms. Heil has one additional claim not alleged by Ms. Linton (wrongful termination). The fact that each plaintiff has not alleged identical causes of actions does not bar consolidation:

> consolidation is not barred simply because the plaintiffs may be relying on different legal theories or because there are some questions that are not common to all the actions; the critical considerations, as in other contexts of the Federal Rules, is whether there is at least one common question of law or fact to justify bringing the actions together....

Wright and Miller, § 2384. As discussed above, there is more than one common question of law and fact between the two actions that supports consolidation. Here, the majority of the claims are identical. That the claims do not align perfectly does not weigh against consolidation as Rule 42 only requires the actions to involve "a common question of law or fact." *See* Fed.R.Civ.P. 42(a). Here, it is clear that the actions involve more than one common question of law or fact.

Defendants also assert that the cases are in different procedural positions and that this is sufficient to deny consolidation. In support of the position, defendants cite *Madison v. Hennepin County*, 2003 WL 21639221, *1–2 (D.Minn.2003), in which a consolidation was denied because it would have unnecessarily postponed resolution in one of the actions. The court's decision was based on the fact that the "trial date [was] imminent" in one action, while in the other action the trial date was "two years away." *Id.* at *2. As a result, the court found that consolidation was inappropriate because it would require the court to unnecessarily postpone resolution in one of the cases. *Id.*

In this case, defendants assert that the Ms. Linton's action is ready for trial and that trial in Ms. Heil's action is many months off. However, the court just recently granted Ms. Linton's and Ms, Heil's motion to join and amend their complaints. Additionally, discovery has closed in both cases. Thus, granting those motions puts both cases at a common juncture. Additionally, no trial date has been set in either case and neither case is ripe for trial.[2] Unlike the *Madison* case where one case was on the verge of resolution and the other was just beginning, both Ms. Linton's and Ms. Heil's actions are at a common juncture.

## D. Whether Defendants will be Prejudiced by Consolidation

■ Defendants assert that consolidating the cases will taint the jury. Defendants assert that "essentially lumping together of such claims, which amounts to guilt by association, would unfairly prejudice the defendants." *See* Docket No. 73 at 11. In *Alaniz*, the defendants asserted that they would be prejudiced if the cases were consolidated because "it allowed four different plaintiffs with discrete, unique, individualized and independent claims to bolster each other's cases by presenting irrelevant evidence and unrelated allegations." *Alaniz*, 591 F.3d at 773. The court noted that

> While we acknowledge the potential for jury confusion in this case, we conclude that is was outweighed by the considerations of judicial economy and that [defendant] suffered no real prejudice given the similarities between the cases involved. All of the Appellees' claims center on allegations of continuous sex discrimination involving the same *modus operandi*. Further, Appellees' claims are based on a similar series of transactions that were committed by the same defendant over a relatively short time span.

*Id.* at 774. As in *Alaniz*, the claims against the defendants are very similar, both centering around the allegedly inappropriate behavior of Jason Orelup. Additionally, the alleged inappropriate conduct of Mr. Orelup against both plaintiffs was committed over a short time span.

As stated above, while the court is appreciative of defendants' concern that a jury will not be able to compartmentalize the claims of one plaintiff as opposed to the other, through jury instructions the court and counsel can assure that no jury confusion will arise. "As the United States Supreme Court presumed in the context of a criminal case, jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions ... and strive to understand, make sense of, and follow the instructions given them.'" *Suhn v. Breg, Inc.*, 2011 WL 1527263, *3 (D.S.D.2011) (quoting *Francis v. Franklin*, 471 U.S. 307, 324 n. 9, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985)). "Jurors will presumably do the same in a civil trial." *Suhn*, 2011 WL 1527263, at *3 (citing *CSX*

---

2. The defendants assert that Ms. Linton's motion comes on the "eve of trial." Docket No. 73 at 3. However, the district court's order, filed May 15, 2012, denying as premature plaintiffs motion for jury instructions noted that the case "is not ripe for trial." *See* Docket No. 74.

*Transp., Inc. v. Hensley,* 556 U.S. 838, 129 S.Ct. 2139, 2141, 173 L.Ed.2d 1184 (2009) ("The jury system is premised on the idea that rationality and careful regard for the court's instruction will confine and exclude jurors' raw emotions.... [A]s in all cases, juries are presumed to follow the court's instructions.")).

Based on the above, the court finds that no prejudice will result from consolidating the actions. Moreover, consolidation is supported by numerous common questions of fact that will rely on many of the same witnesses and testimony evidence. There are also numerous common legal issues. Finally, the court finds that the potential for confusion is minimal, and any potential for unfair prejudice with regards to the claims of each party can be avoided with proper jury instructions.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Chelsea Linton's motion [Docket No. 63] to consolidate her action with *Heil v. Belle Starr Saloon & Casino, Inc.,* Civ. No. 09–5074, is granted. It is further

ORDERED that *Heil v. Belle Starr Saloon & Casino, Inc.,* Civ. No. 09–5074, as the earlier-filed case, shall be designated as the lead case. All parties in both cases shall file all future pleadings in the *Heil* case.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. *See* Fed.R.Civ.P. 72(a). Failure to file timely objections will result in the waiver of the right to appeal matters not raised in the objections. *Id.* Objections must

be timely and specific in order to require review by the district court.