BYE, Circuit Judge,
concurring in part and dissenting in part.
I disagree the school district and Jackson did not waive their ability to challenge the $340,000 award to Nassar on his due-process claim. Instead, I believe the jury properly considered the evidence presented within the provided jury instructions. I therefore respectfully dissent from Part II.B. of the decision reversing the district court. I concur in all other aspects of the majority opinion.
First, the school district and Jackson allowed Dr. Ralph Scott to testify about Nassar’s future income and fringe benefit losses without an appropriate objection or limitation. Although counsel for the school district and Jackson posed an objection, the objection pertained to Dr. Scott’s offering of a narrative rather than Dr. Scott’s ability to offer testimony regarding future losses. Instead, counsel indicated he realized Dr. Scott was an expert and was “allowed to give his testimony.” Appellants’s App. 233. “Without an objection and a proper request for relief, [a] matter is waived and will receive no consideration on appeal absent plain error.” McKnight ex rel. Ludwig v. Johnson Controls, Inc., 36 F.3d 1396, 1407 (8th Cir.1994) (internal quotation marks and citation omitted). The total amount to which Dr. Scott testified, including both past and future income and fringe benefits losses, exceeded $340,000, and neither the school district nor Jackson presented any evidence contradicting these amounts.
*555 Further, even though front pay, which Nassar argues is synonymous with future losses, may be awarded by the district court in its discretion, see Mathieu v. Gopher News Co., 273 F.3d 769, 778 (8th Cir.2001), the school district and Jackson consented to its consideration by the jury by failing to object to Dr. Scott’s testimony. See Whiting v. Jackson State Univ., 616 F.2d 116, 123 (5th Cir.1980) (“By failing to object, the parties agreed that the jury’s verdict on the claims for equitable relief was to have the same effect as if a right to a jury trial existed.”); see also Broadnax v. City of New Haven, 415 ,F.3d 265, 272 (2d Cir.2005) (“[W]hen a party demands a jury consideration of lost wages ... and the party’s opponent fails to object, [Federal Rule of Civil Procedure] 39(c) permits the district court to submit the lost wages issue for a non-advisory jury determination.”); Pals v. Schepel Buick & GMC Truck, Inc., 220 F.3d 495, 501 (7th Cir.2000) (finding the parties consented to the jury deciding front pay because neither party objected, resulting in jury consideration of the issue under Rule 39(c) and an implied consent to amend the pleadings under Federal Rule of Civil Procedure 15(b)); Bereda v. Pickering Creek Indus. Park, Inc., 865 F.2d 49, 52 (3d Cir.1989) (holding that where both parties “requested a jury trial and the subject of an advisory jury was never mentioned at any time during the proceedings, [the plaintiff] and [the defendant] must be deemed to have consented to a trial by a nonadvisory jury under Rule 39(c)”). Additionally, “having juries calculate lost wages requires no special competence or authority belonging solely to the court.” Broadnax, 415 F.3d at 272. I further “find sensible the proposition that where a party requests a jury determination of an issue requiring no special competence or authority belonging solely to the court, and the other party or parties fail to object, such silence may be deemed ‘consent’ under Rule 39(c).” Id. Accordingly, contrary to the majority’s determination, ante at 553, mutual implied consent by Nassar, the school district, and Jackson supports the jury’s authority to resolve the issue of front pay which would normally be decided by the court. See Pals, 220 F.3d at 501. The school district and Jackson also failed to make any arguments or cite case law stánding for the proposition that front pay is not a remedy available'to Nassar.
The jury, thereafter, contrary to the school district and Jackson’s argument, properly applied the jury instructions to the evidence which was presented. See CSX Transp., Inc. v. Hensley, 556 U.S. 838, 841, 129 S.Ct. 2139, 173 L.Ed.2d 1184 (2009) (“In those cases, as in all cases, juries are presumed to follow the court’s instructions.”). Although the majority cites to an instruction the district court provided to the jury, the language cited is only an excerpt of the instruction. See ante at 552. Instead, the instruction broadly states the jury must award Nassar an amount of money for- any damages he sustained as a result of .the constitutional violation. Appellants’s App. 94. It then provides the award should merely put Nassar in no better position than he would have had if the school district had provided him a hearing. Id. Absent is any limitation as to the specific kinds of damages the jury may award or the time period over which those damages may be awarded.[5] Although the instruction next provides an element of damages to consider, it does *556 not direct the jury to make this element its sole consideration for damages. Id. Additionally, the element itself provides a broader consideration than the school district and Jackson argue, directing the jury to consider the wages and fringe benefits which Nassar would have earned in his employment with the school district instead of those wages and fringe benefits which remained based on his contract. Id.
The plain language of the instruction as a whole therefore refutes the school district and Jackson’s argument that “the measure of [Nassar’s] damages was the amount of wages and fringe benefits remaining on his contract at the time of his termination.” Appellants’s Br. 37. A reasonable jury could read this instruction and conclude Nassar’s damages award extended beyond the wages and fringe benefits remaining under the contract. If the school district and Nassar believed damages should have been awarded on this narrow basis, an objection to the instruction was warranted. Because they failed to object, they waived their ability to now argue the jury improperly applied the jury instructions on this basis. See Niemiec v. Union Pac. R.R. Co., 449 F.3d 854, 857-58 (8th Cir.2006) (“A party’s failure to object to jury instructions results in a waiver of that objection, absent a showing of plain error.”). I further conclude there was no plain error in this case. See id. (finding plain error, “especially in the civil context ... must result in a miscarriage of justice in order to compel reversal”) (internal quotation marks and citation omitted).
For these reasons, I would find the school district and Jackson waived their ability to challenge the $340,000 award and would affirm.

. Although the instruction later provided a time limitation to the amount of wages and fringe benefits which the jury could have awarded, the jury found the school district failed to carry its burden to make the time limitation applicable. See Appellants's App. 78, 94-95. The school district and Jackson do not appeal this finding.