NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

G.P.P., INC., DBA Guardian Innovative
Solutions,

                Plaintiff-Appellant,

  v.

GUARDIAN PROTECTION PRODUCTS,
INC.,

                Defendant-Appellee,

 and

RPM WOOD FINISHES GROUP, INC.,

                Defendant.

No.    22-15569

D.C. No. 1:15-cv-00321-SKO

MEMORANDUM[*]

G.P.P., INC., DBA Guardian Innovative
Solutions,

                Plaintiff-Appellee,

  v.

GUARDIAN PROTECTION PRODUCTS,
INC.,

                Defendant-Appellant,

No.    22-15638

D.C. No. 1:15-cv-00321-SKO

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

RPM WOOD FINISHES GROUP, INC.,

Defendant.

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Argued and Submitted June 23, 2023
Seattle, Washington

Before:  GOULD, BEA, and FRIEDLAND, Circuit Judges.

G.P.P., Inc., which does business as Guardian Innovative Solutions ("GIS"), and Guardian Protection Products, Inc. ("Guardian") cross-appeal the district court's entry of judgment on the jury verdict in favor of GIS for $6 million.  The parties are familiar with the facts and procedural history, so we do not recite them here.  For the reasons stated below, we affirm.

1.     GIS argues that the district court erred when it permitted Guardian to present to the jury various affirmative defenses (unclean hands, offset, and/or failure of consideration) which were based, at least in part, on CDFC, Inc.'s sale of dreamGUARD products.  GIS also argues that the district court erred when it instructed the jury that the sales were attributable to GIS, that the sales constituted a breach of GIS's contractual duty to refrain from selling products which competed with Guardian's products, and that "GIS unfairly interfered with Guardian's right to

receive the benefits of the Warehousing Distributor Agreements." We hold that any error was more likely than not harmless because the jury rejected each of Guardian's said affirmative defenses.

GIS raises only one argument on the harmfulness of the district court's rulings in its opening brief: GIS argues that the district court's instructions to the jury that GIS breached the agreements through its sale of dreamGUARD products "tarnished GIS in the eyes of the jury," which GIS believes must have led to a lower award of damages than the jury otherwise would have awarded.[1] But the jury was told to calculate the damages that would "reasonably compensate GIS for the harm caused by the breach," and was told that they "must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy." "[J]uries are presumed to follow the court's instructions." *CSX Transp., Inc. v. Hensley*, 556 U.S. 838, 841 (2009) (per curiam).

Further, we must accord "substantial deference to a jury's finding of the appropriate amount of damages." *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996), *aff'd*, 526 U.S. 687 (1999). "We

---

[1] At oral argument, GIS argued a different theory of prejudice: that the jury may have concluded that GIS's sale of dreamGUARD products was evidence of GIS's *failure to mitigate its damages*. GIS forfeited this theory when it failed to raise the theory specifically and distinctly in its opening brief. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) ("We review only issues which are argued specifically and distinctly in a party's opening brief." (quoting *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994))).

must uphold the jury's finding unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork." *Id.* And the jury's award of damages in this case was supported by the evidence.

2.     GIS next argues that the district court erred when it permitted Guardian to present an affirmative defense at trial which was beyond the scope of the Answer and the pretrial order.  Guardian's defense—a limitation of liability defense based on an interpretation of Section 6(b) of the agreements—would have limited GIS's damages to $2.67 million if accepted by the jury.  However, the jury found that GIS incurred $12 million in damages.  Because the jury found that GIS failed to mitigate $6 million in damages, the jury ultimately awarded $6 million in damages.  In sum, the jury's verdict reflects a rejection of the limitation on damages which Guardian claimed under Section 6(b) of the agreements.  Once rejected, there is no indication that the Section 6(b) defense had any effect on the outcome of the proceedings. Thus, we hold that district court's order which permitted Guardian to advance the defense was more probably than not harmless.  *See Obrey v. Johnson*, 400 F.3d 691, 699 (9th Cir. 2005).

3.     GIS argues that the district court erred when it failed to instruct the jury that the Bob's Agreement[2] between Guardian and GIS was supported by valid

---

[2] An agreement by Guardian to pay a five percent commission to GIS on all sales by Guardian made directly to Bob's Discount Furniture stores in GIS's territory.

consideration, based on either our previous memorandum disposition or based on the evidence at trial. Both arguments are meritless.

     a.     The district court's compliance with the scope of our mandate is reviewed de novo. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1066 (9th Cir. 2012). Our prior memorandum disposition did not clearly require the district court to grant judgment as a matter of law to GIS on the issue whether the Bob's Agreement is supported by valid consideration. We held that the district court's assessment of consideration was too narrow, but we did not hold that GIS's evidence of consideration entitled it to judgment as a matter of law. Instead, we "reverse[d] the district court's grant of judgment as a matter of law [in favor of] Guardian as to [whether the Bob's Agreement was supported by consideration] and remand[ed] it for retrial." *G.P.P. Inc. v. Guardian Prot. Prod., Inc.*, 788 F. App'x 452, 455 (9th Cir. 2019). In any case, it was not "clear" that the issue was foreclosed by this court's mandate, and thus the district court was free to reconsider this issue on remand. *Hall*, 697 F.3d at 1067.[3]

---

[3] GIS also argues that the district court should have used our language in the jury instructions. "We review a district court's formulation of civil jury instructions for abuse of discretion." *Transue v. Aesthetech Corp.*, 341 F.3d 911, 920 (9th Cir. 2003). GIS argues that its proposed instruction would have provided better "context" as opposed to the model instruction. However, the district court's instructions on the issue of consideration were not misstatements of the law nor did the district court otherwise abuse its discretion. *See United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

b.    "A denial of a motion for judgment as a matter of law is reviewed de novo." *McClaran v. Plastic Indus., Inc.*, 97 F.3d 347, 354 (9th Cir. 1996).  Although the evidence tends to favor the conclusion that the Bob's Agreement was the settlement of a dispute and was supported by consideration, Guardian did introduce some evidence that the Bob's Agreement was gratuitous.  This evidence was more than a mere scintilla.  *See Lakeside-Scott v. Multnomah Cnty.*, 556 F.3d 797, 802 (9th Cir. 2009).  Thus, the evidence does not mandate the conclusion that Guardian's payment of the commission was induced by either an offer from GIS not to enforce its exclusivity rights or Guardian's desire to avoid litigation and debate over the scope of GIS's exclusivity rights, and the district court was correct to deny judgment as a matter of law.  *See Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002) (holding that judgment as a matter of law is appropriate only when "the evidence presented at trial permits only one reasonable conclusion").

4.    Last, we decline to address GIS's argument that the district court erred when it limited GIS's discovery on damages for Guardian's breach of the Bob's Agreement to particular territories.  The jury never reached the question of damages because the jury ruled that Guardian did not breach the Bob's Agreement.  Because the jury did not reach the issue of damages, any error in the district court's discovery order was more probably than not harmless.

5.      Guardian has waived all claims of error if the panel denies relief to GIS on GIS's appeal.  Because we deny relief to GIS for the reasons stated above, we acknowledge Guardian's waiver and deny relief on the cross-appeal.[4]

**AFFIRMED.**

---

[4] Guardian has moved to strike certain portions of GIS's Further Excerpts of Record and certain portions of GIS's yellow brief.  Dkt. No. 37.  We find that the documents at issue are pertinent to the cross-appeal only.  Because we deny relief on the cross-appeal without reaching its merits, we deny the motion to strike as moot.