# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2023

Lyle W. Cayce
Clerk

_____

No. 22-30653

_____

Louisiana Newpack Shrimp Company, Incorporated,

*Plaintiff—Appellee*,

*versus*

Indigo Seafood Partners, Incorporated,

*Defendant*,

_____

Longhai Desheng Seafood Stuff Company, Ltd.,

*Plaintiff—Appellant*,

*versus*

Louisiana Newpack Shrimp Company, Incorporated,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:19-CV-12948, 2:20-CV-782

_____

Before Jones, Clement, and Haynes, *Circuit Judges*.

No. 22-30653

Per Curiam:[*]

Longhai Desheng Seafood Stuff Company, Ltd. ("Longhai") appeals the district court's amended final judgment in favor of Louisiana Newpack Shrimp Company, Inc. ("Louisiana Newpack"). For the reasons set forth below, we REVERSE.

## I.    Background

Louisiana Newpack, Ocean Feast Company, Ltd. ("Ocean Feast"), and Indigo Seafood Partners, Inc. entered into a joint venture to procure, import, and sell seafood products from manufacturers located around the world. Louisiana Newpack was the financier for this joint venture. The joint venture placed eleven orders for crabmeat with Longhai, a crabmeat processor and exporter. While Louisiana Newpack paid for the first eight orders, Longhai initially did not receive payment for the final three orders. Louisiana Newpack took possession and eventually disposed of these three orders. Longhai sent a demand for payment to Louisiana Newpack, which, in turn, made partial payments. Ultimately though, $998,188.03 remained outstanding for the three orders.

Longhai sued Louisiana Newpack, claiming (1) it contracted with Louisiana Newpack and its founder, and they breached that contract by not paying the outstanding $998,188.03 balance, and, alternatively, (2) Louisiana Newpack and its founder had failed to pay Longhai based on an open account between the parties. The district court consolidated this case with several related cases.

The case proceeded to trial, during which Louisiana Newpack orally moved for judgment as a matter of law under Federal Rule of Civil Procedure

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-30653

50 on Longhai's open account claim. The court denied this motion and permitted the jury to consider the merits of the open account claim even if it found that no contract existed between the parties. The court also provided the jury with separate instructions as to the definitions of both a "contract" and an "open account."

The jury found that Longhai failed to demonstrate it had a contract with Louisiana Newpack. However, the jury separately found, in line with its open account instructions, that (1) Longhai proved it had an open account with Louisiana Newpack, (2) Longhai sent a written demand for the amount owed, (3) Louisiana Newpack failed to pay the open account within thirty days, and (4) Louisiana Newpack owed Longhai $998,188.03 based on this open account.[1] The district court entered judgment consistent with these findings.

Louisiana Newpack then moved to amend the judgment and for a new trial under Federal Rule of Civil Procedure 59. The district court granted the motion in part and entered an amended judgment in favor of Louisiana Newpack, dismissing all of Longhai's claims. It reasoned Longhai could not recover on its open account claim because the jury found that there was no contract between the parties, and that its previous determination to the contrary constituted a manifest error of law. Longhai timely appealed.

---

[1] The jury further determined that Longhai did not have "unclean hands," but that its recovery should nonetheless be reduced by $665,458.69 because of its own fault or conduct. Finally, the jury concluded that "Ocean Feast [wa]s liable for any debt owed to Longhai," which amounted to $332,729.34.

No. 22-30653

## II.    Jurisdiction & Standard of Review

The district court had diversity jurisdiction over this case under 28 U.S.C. § 1332(a).  We, in turn, have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  "In general, a grant or denial of a Rule 59(e) motion is reviewed for abuse of discretion."  *Fletcher v. Apfel*, 210 F.3d 510, 512 (5th Cir. 2000).  However, where an appeal involves "[i]ssues that are purely questions of law," we review de novo.  *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 405 (5th Cir. 2002).

Further, the standard for amending a judgment is very high.  *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Indeed, this standard "favor[s] the denial of motions to alter or amend a judgment."  *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).  Accordingly, to warrant the extreme remedy of an alteration of a judgment, a Rule 59(e) motion "must clearly establish . . . a manifest error of law or fact."  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quotation omitted).

## III.    Discussion

It is important to consider the jury's instructions in this context.  "The jury system is premised on the idea that rationality and careful regard for the court's instructions will confine and exclude jurors' raw emotions."  *CSX Transp., Inc. v. Hensley*, 556 U.S. 838, 841 (2009).  As the Supreme Court has made clear, "juries are presumed to follow the court's instructions."  *Id.*

Relevant to this appeal, the district court provided two sets of jury instructions: one with respect to contracts, and one with respect to open accounts.  Per these instructions, the jury *separately* considered Longhai's breach of contract and open account claims.  That is, the jury *independently* assessed whether Louisiana Newpack was obliged to perform under a

4

contract with Longhai, as well as whether the business transactions between Louisiana Newpack and Longhai gave rise to an open account. Put differently, the district court's instructions provided definitions of what would constitute a contract and open account sufficient for the purposes of Longhai's claims.

The jury, applying the district court's contract-related instructions, ultimately concluded that Longhai had failed to prove that it entered a contract with Louisiana Newpack. However, the jury, applying the entirely different set of open account-related instructions, concluded that Longhai had shown that it and Louisiana Newpack had an open account. Because we can presume that a jury follows a district court's instructions, *see id.*, we can presume here that the jury followed the different sets of instructions it was given and concluded that, while Longhai and Louisiana Newpack didn't have a contract that fit the court-provided definition of a formal contract, there was sufficient evidence to support a contractual relationship in the form of an open account.

With that being the case, we turn to the relevant statutory provisions and case law. Under Louisiana's open account statute, "[w]hen any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed," the claimant can recover "collection of such claim when judgment on the claim is rendered in [his] favor." LA. REV. STAT. § 9:2781(A). The statute also provides that an "'open account' includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." *Id.* § 9:2781(D).

Courts are split as to whether a party must demonstrate the existence of a contract to recover on an open account claim. As the district court

correctly observed, some state and federal court cases discuss open accounts in the context of contracts and suggest that a contract, or a contractual relationship, is a necessary prerequisite for an open account claim. *See, e.g.*, *A Better Place, Inc. v. Giani Inv. Co.*, 445 So. 2d 728, 733 (La. 1984); *Kelso v. Butler*, 899 F.3d 420, 422–23, 426 (5th Cir. 2018). However, in contrast, different state and federal cases *expressly* distinguish between open account claims and typical contract claims. *See, e.g.*, *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 174 (5th Cir. 2007); *Signlite, Inc. v. Northshore Serv. Ctr., Inc.*, 959 So. 2d 904, 907 (La. Ct. App. 2007); *Olinde v. Couvillion*, 650 So. 2d 1241, 1242 (La. Ct. App. 1995). Indeed, a number of Louisiana courts have determined that open account claims can remain viable even where there is *no typical* contract between the parties. *See, e.g.*, *Acadian Servs., Inc. v. Durand*, 813 So. 2d 1142, 1143–44 (La. Ct. App. 2002); *Hayes v. Taylor*, 812 So. 2d 874, 878 (La. Ct. App. 2002); *Sandoz v. Dolphin Servs., Inc.*, 555 So. 2d 996, 997–98 (La. Ct. App. 1989).

The district court concluded that its initial determination (that the jury should be able to consider the open account claim irrespective of its finding on the contract claim) was a manifest error of law that justified amending the original judgment. However, the abovementioned conflicting case law and the relevant statutory provisions indicate that it was not a *manifest* error of law to allow Longhai to recover on its open account claim. That is, while various cases speak to the contractual relationship requirement for open accounts, numerous courts have distinguished between open account claims and contract claims and allowed plaintiffs to recover on open account claims despite the absence of a formal contract. Moreover, considering the distinct sets of instructions it received, the jury's finding that no *contract* existed between Louisiana Newpack and Longhai did not preclude it from finding a *contractual relationship* in support of its separate finding that the parties had an open account.

No. 22-30653

Therefore, because the district court concluded otherwise, we REVERSE and RENDER by reinstating the original judgment.[2]

---

[2] Longhai separately raises a sufficiency of the evidence challenge to the jury's finding that no contract existed between the parties. *See Ham Marine, Inc. v. Dresser Indus., Inc.*, 72 F.3d 454, 459 (5th Cir. 1995) (per curiam). Under our "well-settled" approach to such challenges, "[u]nless the evidence" upon which the jury bases its finding "is of such quality and weight that reasonable and impartial jurors *could not* arrive at such a verdict, the findings of the jury *must* be upheld." *Id.* (emphasis added). While Longhai points to various pieces of evidence in support of its argument that Louisiana Newpack was bound by a contract, it concedes that it never entered into a formal contract with Louisiana Newpack. Likewise, there were "numerous plausible grounds on which [the jury] could have concluded that [Longhai] failed to" demonstrate the existence of that contract, including, for example, discrediting certain testimony. *King v. Univ. Healthcare Sys., L.C.*, 645 F.3d 713, 722 (5th Cir. 2011). Therefore, we conclude we must uphold the jury's finding that no contract existed between the parties. *See Ham Marine, Inc.*, 72 F.3d at 459.