NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DALE SPURLIN,

                Plaintiff-Appellant,

  v.

FOSTER WHEELER ENERGY
CORPORATION; FOSTER WHEELER
LLC,

                Defendants-Appellees.

No.   22-55897

D.C. No.
3:19-cv-02049-AJB-AHG

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Anthony Battaglia, District Judge, Presiding

Argued and Submitted November 17, 2023
Pasadena, California

Before:  RAWLINSON, CLIFTON, and HURWITZ, Circuit Judges.

Plaintiff-Appellant Dale Spurlin appeals from a judgment entered after a

jury verdict in favor of Defendants-Appellants Foster Wheeler Energy Corporation

and Foster Wheeler LLC (collectively "Foster Wheeler"). As the parties are

familiar with the facts, procedural history, and arguments, we do not recount them

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

here. We affirm.

1.    The district court instructed the jury on California's "Consumer Expectation Test" for assessing product liability. The instructions given did not misstate the law. *See, e.g.*, *Barker v. Lull Eng'g Co.*, 573 P.2d 443, 446 (Cal. 1978); *Campbell v. Gen. Motors Corp.*, 649 P.2d 224, 227, 232 (Cal. 1982) (en banc).

Spurlin contends that Foster Wheeler's counsel made erroneous statements of law in closing argument, but those arguments did not contradict the instructions given by the court. Spurlin did not request any further instructions on the issue when the instructions were settled, and Spurlin was able to present his position on the subject during his closing arguments. The district court directed the jury to rely on the court's instructions to inform its understanding of the law and not on the arguments of counsel.

None of the cited statements have been established as harmful, in any event. Even erroneous instructions do not justify overturning a jury verdict if "it is more probable than not that the jury would have reached the same verdict had it been properly instructed." *Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 798 (9th Cir. 2017) (citation and quotations omitted). Spurlin has not met that standard.

2.    Nor do we agree that identified statements by Foster Wheeler's counsel inflamed the passions of the jury such that all of Spurlin's liability causes

of action were prejudiced. The trial court sustained Spurlin's objections to two of the three statements raised on appeal. Any negative impact of these statements was contained by the trial court's prompt corrective actions, *see United States v. Washington*, 462 F.3d 1124, 1136 (9th Cir. 2006), and the directive in the jury instructions not to consider excluded testimony, *see CSX Transp., Inc. v. Hensley*, 556 U.S. 838, 841 (2009).

Spurlin did not object below to the remaining statement raised on appeal, namely Foster Wheeler's opening description of the United States' entrance into World War II. Strictly speaking, that statement made no mention of asbestos and did not violate the trial court's narrow Motion in Limine ruling precluding arguments that "asbestos won the war." Moreover, we agree with the district court that the "importance of asbestos in the war effort" was "fair evidence," because the California "Risk-Benefit Test" required the jury to consider, *inter alia*, the "feasibility of an alternative safer design at the time of manufacture" and the "disadvantages of an alternative design" in assessing product liability. Accordingly, we are not left with a "definite and firm conviction" that the district court "committed a clear error of judgment" in supervising the trial, *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1192 (9th Cir. 2002), and decline to disturb the jury's negative liability finding on such grounds.

3.     Finally, Spurlin forfeited any argument that the trial court reversibly

3

erred in excluding deposition testimony from Foster Wheeler's corporate representatives taken in prior actions because Spurlin failed to meaningfully address the trial court's basis for exclusion in the Opening Brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Forfeiture aside, the district court did not abuse its discretion in assessing that "the hundreds of pages of testimony from the[] other cases," would waste time and confuse the issues and the jury, such that exclusion was appropriate under Federal Rule of Evidence 403.

4.     Having declined to reverse the jury's negative liability finding, we do not reach Spurlin's additional arguments on superseding cause and damages.

**AFFIRMED.**[1]

---

[1]     Spurlin's Motion to Take Judicial Notice is **DENIED**, and Foster Wheeler's corresponding Motion to Strike is **DISMISSED** as moot. Foster Wheeler's Motion for Sanctions is **DENIED**.